ILLINOIS CENTRAL RAILROAD CO. *v.* M. A. PENDERGRASS, ADMINISTRATRIX.

1. SURVIVAL OF ACTIONS.  *Instantaneous death.*   *Code* 1880, §§ 2078, 2079.

Under §§ 2078, 2079, code 1880, by which the right to maintain all personal actions survives to the personal representative of a decedent, an action cannot be maintained by an administrator for injuries causing the death of his intestate, if the death was instantaneous.

2. SAME.  *Code* 1880, § 1510.  *Action by personal representative.*

Where the action is not by a relative of the deceased for his *death*, under § 1510 of the code, but is by the personal representative for injury *to the deceased*, there can be no recovery, if it appears that there was no appreciable length of time after the injury before death ensued.

3. SAME.  *Instantaneous death.*  *No cause of action, when.*  *Case.*

Deceased, somewhat intoxicated, was last seen alive walking on defendant's railroad track, in the town of Coffeeville, about twelve o'clock at night. Shortly afterwards a train passed, running about forty miles an hour,

| 69 | 425 |
| 72 | 891 |
| 69 | 425 |
| 73 | 493 |
| 69 | 425 |
| 79 | 611 |
| 69 | 425 |
| e89 | 744 |
| 69. | 425 |
| 91 | 370 |

and, after that, another train running slowly; and the next morning his mutilated remains were found scattered along the track about ninety yards, it being evident that he was run over by a swiftly-moving train. Defendant's employes knew nothing of the occurrence at the time. In an action by the personal representative for injuries to the decedent, *Held*, that plaintiff could not recover, since the jury would not be warranted in finding that deceased survived the injury for any appreciable space of time.

FROM the circuit court of the first district of Yalobusha county.

HON. JAMES T. FANT, Judge.

The appellee, M. A. Pendergrass, administratrix of the estate of P. W. Henderson, sued the Illinois Central Railroad Company for injuries to the said Henderson resulting in his death. The declaration alleges that the said P. W. Henderson was run over by a train of the defendant, in the town of Coffeeville, about twelve o'clock at night, June 2, 1888; that the train was running through said town at the unlawful rate of thirty miles an hour; and, by the reckless, wilful and wanton negligence of the employes of the defendant, the deceased was run over and killed, his body being crushed and mutilated. The declaration, among others, contains the following allegation: "And plaintiff avers that the said defendant thus, as aforesaid, having killed the said plaintiff's intestate, did, in such killing, cause to the plaintiff's intestate, the said P. W. Henderson, the most inconceivable mental and physical anguish preceding, and at the moment; and in the article of death, causing extraordinary suffering, mental and physical, by the horrible manner of his taking off, to the damage of the said plaintiff's intestate, the said P. W. Henderson," etc.

The defendant pleaded not guilty. On the trial the testimony tended to show that Henderson was struck and killed by a train that ran through the town of Coffeeville at the rate of about forty miles an hour, about midnight. No one saw the occurrence, and the employes of the defendant were

not aware of it at the time. The next morning, about day-light, the mutilated remains of the deceased were found scattered along the railroad track,. portions of the body being some distance therefrom. He was last seen alive walking along the railroad track, somewhat under the influence of liquor, just before a special train passed, which was running at a high rate of speed. After that a freight-train passed that ran slowly through the town.

The court refused to grant a peremptory instruction for defendant. Among other things, the jury was instructed that, if plaintiff was entitled to recover, the elements of damage were mental and physical pain and anguish, if any, shown by the evidence, which the deceased suffered preceding and up to the time of his death.

Verdict and judgment in favor of plaintiff for $3,000. Motion for new trial overruled; defendant appeals. The opinion contains a further statement of the case.

*Mayes & Harris*, for appellant.

1. This is a suit by the administratrix, under §§ 2078 and 2079, code 1880; not an action by a relative for the *death* of the intestate, under § 1510. Plaintiff can only recover on such state of facts as would have sustained an action by the deceased. In cases of this kind, where the injury and death are simultaneous, no cause of action survives. Bishop's Non-contract L., § 1269; 12 Am. & Eng. R. R. Cas., 226; 15 *Ib.*, 181; 21 *Ib.* (Iowa), 485; 9 Cush. (Mass.), 108, 478; 2 Heis. (Tenn.), 587; 60 Me., 490; 61 *Ib.*, 114; 8 So. Rep. (Ala.), 363.

The fact that Henderson's body was so horribly mangled shows the extreme violence of the collision, and that death was instantaneous. We refer to 48 Am. Dec., p. 635, and note, citing 9 Cush., 108, 478; 11 Allen, 34.

The last part of this note is misleading; for instance, in 30 Conn., 184, which is cited, the right to recover was based upon the peculiar language of a statute. So, in 2 Heis., 580.

The language of the author in Cooley on Torts, pp. 309,

310, is also erroneous and misleading.   He was there discussing Lord Campbell's act.   If this suit had been brought for the death, under § 1510 of the code, it would have been immaterial whether the death was simultaneous or not.

2. In order to sustain this action, the burden of proof is upon plaintiff to show that the deceased survived the injury. 9 Cush., 112, 481; 12 Am. & Eng. R. R. Cas., 227; 15 *Ib.*, 182; 8 So. Rep., 363.

Negligence without damage is not actionable.   Damage must be proved, and not left to conjecture.   For the ordinary grounds of damages in such cases as this, see 21 Am. & Eng. R. R. Cas., 208; 28 Am. Rep., 214.

*A. H. Whitfield*, for appellee.

Beyond all controversy Henderson lived, after being struck, an appreciable interval of time, in which he could have suffered, and did suffer, mental and physical pain inconceivable. If he lived only a single moment, such as would suffice between ancestor and heir to settle which died first, then the right of action is maintainable.   The test is, not how long he survived, but did he survive?   If he did, the right accrued whether he was conscious or unconscious.   As chief justice Shaw says : "The law contemplates a *punctum* or precise moment of time which separates life from death."   Though this is sometimes difficult to be proved by physical indications, like other facts, it must be proved by the best evidence which the nature of the case will admit.   On this point, see *Hollenbeck* v. *Railroad Co.*, 9 Cush. (Mass.), 478.   See also *Railroad Co.* v. *Phillips*, 64 Miss., 693.

All the works on medical jurisprudence lay it down that the instantaneous cessation of physical life is practically impossible.   But we are not under the stress of having to refine in this way.   Evidently the experience through which Henderson went was that of a desperate struggle, as he whirled round and round, in the effort to disentangle himself.   The jury's idea clearly was that he did live, but that he lived so

short a time as to warrant the finding of only $3,000 damages.

The weight of authority is that an action in a case like this can be maintained. See 21 N. Y., 121; *Folkes* v. *Railroad Co.*, 5 Baxter (Tenn.), 663; 11 Allen, 34; 60 Am. Rep., 814; *Connors* v. *Railroad Co.*, 71 Iowa, 490. And see specially *Worden* v. *Railway Co.*, 72 Iowa, 202; 11 Am. St. Rep., p. 170 and note.

The two Mississippi cases, *Railroad Co.* v. *Cook*, 63 Miss., 38, and *Amos* v. *Railroad Co., Ib.*, 509, properly understood, do not contravene our position. In the Cook case the point of contest was that the act of 1884, having been passed after the injury, the mother could sue under § 1510 of the code of 1880; and the court said, incidentally, that death did not result instantaneously, and therefore plaintiff was entitled to recover for loss of service, etc.

*Amos* v. *Railroad Co.* is a case in which the court simply decides that, the son having been instantly killed, the mother could not recover for the *death*, the injury having occurred prior to the act of 1884.

In case of death, as remarked by the court in *Phillips* v. *Railroad Co.*, 64 Miss., 693, two actions may be maintained. They may co-exist, but are independent of each other.

It is submitted: 1. That the testimony here shows that the death was not instantaneous, but that an appreciable interval of time elapsed after the injury, and before life was extinct. 2. Even if it were a case of instantaneous death, the question is *res integra* in this state, and the decided weight of authority elsewhere maintains this action.

The court is referred specially to the case of *Railroad Co.* v. *Smith*, 15 Am. & Eng. R. R. Cas., 471; *Railroad Co.* v. *Prince*, 2 Heis. (Tenn.), 580.

WOODS, J., delivered the opinion of the court.

This was not an action brought by the kindred of a deceased person for damages occasioned by injuries resulting in

death, under § 1510, code of 1880. It is an action brought by the personal representative—the administratrix—for the recovery of such damages as the intestate might have sued for and recovered if he had survived the injuries complained of, and is founded on §§ 2078 and 2079 of our code. The former declares that, "executors, administrators and collectors shall have full power and authority to commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted." The latter section substantially repeats the right to this remedy, and says: "Executors and administrators shall have an action for any trespass done to the person or property, real or personal, of their testator or intestate, against the trespasser, and recover damages, in like manner as their testator or intestate would have had if living; and the money so recovered shall be assets, and accounted for as such."

The object of the statute is certain. At common law, actions for the recovery of damages for personal injuries abated with the death of the person injured; the statute referred to was designed to cause to survive to the personal representative any right of personal action which the deceased might have commenced or prosecuted if living.

There does not seem to us to be any ground for serious contention as to the proper construction of the statute. The sole purpose, and the manifest purpose, is to save to personal representatives the right to begin and carry on such personal actions as the deceased might have begun and carried on if he had not died. The evil of the common law was that all personal actions died with the person; the remedy of the statute is to cause the action, or the right of action, to survive to the personal representative. Whatever suit was maintainable by the deceased shall be held maintainable by the personal representatives of the deceased. But the deceased never had any personal action which could abate at common law where the injury causing death and the death itself were simultaneous. It is impossible to conceive, at

common law, of a right of action for injuries to be begun and prosecuted by one who died instantaneously on being injured. If, as we have declared, the statute was framed to prevent the abatement of the right of personal action by the death of the injured person, then it bears its own natural construction upon its own face. And if no strained or hidden meaning is to be imparted to the language of the. statute, the survivorship is to personal actions which the testator or intestate might have commenced and prosecuted. But the testator or intestate could never have begun or prosecuted an action for injuries which ended in instantaneous death.

To put the case in another form—the form in which the declaration presents it—can a recovery be had by the personal representative, for the mental and physical pain and anguish endured by the deceased at the time of and following the injury complained of, where the death and the injury were simultaneous? The proposition is so self-contradictory and self-confuting as to be confusing. It appears unnecessary to pursue the thought.

We are of the opinion that the personal representative has no right of personal action where the deceased never had such right, and that, where death was simultaneous with injury, it is impossible, to the healthy mind, to even conceive of a right of action in the man instantaneously killed. In such case, all recoverable damages must be sought by the kindred who have sustained loss, and the mere personal representative can have no standing in court.

This view is foreshadowed in *V. & M. R. R. Co.* v. *Phillips*, 64 Miss., and is clearly the only view consonant with the spirit or letter of the statute. Nor is it in irreconcilable conflict with any well-considered case which has been brought to our attention.

The case of *Brown* v. *B. & S. L. Railroad Co.*, 22 N. Y., 191, is thought to be authority for a contrary doctrine. But the decision in that case involved the construction of a statute of that state, and it was said by the court that, "the statute

gives the action to the personal representative of the individual injured, when the injury causes death, and it makes no distinction between cases where death was immediate and instantaneous, and where it was consequential." If this is a fair statement of the statute, the opinion is altogether correct, but not at all authority on the case before us.

An examination of the case of *Railroad Co.* v. *Prince*, 2 Heiskell (Tenn.), 580, will show that the court, in construing a statute which declares that, "the right of action which a person who dies from injuries received from another, or whose death is caused by the wrongful act or omission of another, would have had against the wrong-doer, in case death had not ensued, shall not abate or be extinguished by his death, but shall pass to his personal representative, for the benefit of his widow and next of kin, free from the claims of his creditors," said : "It follows that the representative of the deceased has a right to recover damages sustained by the widow and children in consequence of his death, whether the death resulted instantaneously from the injuries or not. It would have been absurd to give the right of action for damages for the mental and bodily sufferings of a person whose death was instantaneous. Yet a right of action is given for the benefit of the widow and next of kin. It follows that the damage intended to be provided for, was the loss of husband or father."

The case in 5 Baxter (Tenn.), 663, *Fowlkes* v. *Railroad Co.*, on which appellee relies, as we understand the reasoning of the court, is simply a re-affirmation of a right to a recovery in case of instantaneous death under their peculiar statute; and it seems to us unwarranted to hold the court, in this last-named case, to have involved itself in what it denominated, in the former case, the absurdity of giving the right of action for the mental and bodily sufferings only of a person whose death was instantaneous.

The case of *Bancroft* v. *Railroad Co.*, 11 Allen, 34, referred to in the brief of appellee's counsel, held the right of action maintainable by the personal representative where the person

injured survived fifteen minutes.  But the case of *Kearney* v. *Railroad Co.,* 9 Cushing (Mass.), 108, is cited with approbation on the proposition that the instantaneous death of the intestate renders an action non-maintainable by the administratrix, and this doctrine has been steadily adhered to by that court in other and recent cases.  See *Cochran* v. *Railway Co.,* 133 Mass., 507, and *Riley* v. *Railroad Co.,* 135 Mass., 292.

The case of *Connor* v. *Railway Co.,* 71 Iowa, and the subsequent case in 72 Iowa, 202, turned upon the construction of statutes very similar to the Tennessee statutes already referred to, which declare that " when a wrongful act produces death, the damages shall be disposed of as personal property belonging to the estate of the deceased, except that, if the deceased leaves a husband, wife, or child or parent, it will not be liable for the payment of debts."  The court held that, as the Iowa statute, in effect, declared, "when a wrongful act produces death, the perpetrator is civilly liable for the injury," it was immaterial whether death was instantaneous or not.  We express no opinion as to the correctness of the reasoning of the court in construing the statute of that state; but the cases are so unlike the one before us that the opinion sheds no light upon the question involved in the interpretation of our very dissimilar statute.  It is worthy of remark, in this connection, that the supreme court of Iowa, in the case of *Kellow* v. *Railroad Co.,* 21 Am. & Eng. R. R. Cases, 485 (decided in 1885, two years before the cases in 71 and 72 Iowa, and before the peculiar statute construed in those cases had been enacted), said: " In determining whether a cause of action accrued to him [Kellow, the administrator of the deceased], the test is whether he lived after the injury, and not the length of time he lived thereafter."

In Cooley on Torts, 310, this misleading statement affords countenance to the position of counsel for appellee: "A question has been made in some states whether suit could be maintained when the death was instantaneous; and in Mas-

sachusetts, under a somewhat nice and technical construction of the statute, it was decided that the action would not lie in such case.    But probably under no existing statute would it be so held now."

The note appended to this very statement by the author, at the foot of the page, refers to the case of *Kearney* v. *Railroad Co.,* 9 Cush., and, with refreshing inconsistency, says, " The rule is still followed in that state," citing the later cases. It will be seen in the same note that the author admits that in Georgia, South Carolina and New Jersey (he might have added others), if death is instantaneous, there can be no recovery for the death of a wife or child.

The confusion in the minds of some text-writers has arisen from failure to remember that the seeming diversity of opinion in courts of last resort, has arisen out of language employed in construing variant and dissimilar statutes on this same general subject of the survival of actions to personal representatives.    The conflict of authority will largely vanish when the cases giving rise to the various opinions are carefully considered.

On the few horrible facts in evidence as to the death of the deceased, we cannot consent that the evidence shows that he survived the injury.    He was run over by a swiftly moving train, under circumstances undisclosed, and was ground to pieces, and the fragments strewn along the track, and near it, for seventy or eighty feet.    To say the jury was warranted in holding that he survived the injury for any appreciable space of time, however short—that his death was not instantaneous—is impossible.

*Reversed and remanded.*