LOUISVILLE & NASHVILLE RAILROAD COMPANY, A CORPORATION, *Plaintiff in Error*, v. L. M. RHODA, AS ADMINISTRATOR, *Defendant in Error*.

Opinion filed April 15, 1913.

Headnotes filed April 17, 1916.

1. An action for an administrator for the death of his intestate by negligence, under the Federal Employers' Liability Act, will lie even though the death followed immediately upon the injury inflicted.

2. The statutory presumption of negligence from injury done by the running of locomotives, being a local rule of evidence merely, may be given in a charge in a case arising under the Federal Employers' Liability Act.

3. Under the amendment of 1910 to the Employers' Liability Act, the administrator has the option to sue for the loss to the estate of the intestate generally or the particular loss to the special beneficiary named in the statute.

Writ of Error to Circuit Court, Santa Rosa County; J. Emmett Wolfe, Judge.

Judgment affirmed. TAYLOR and WHITFIELD, JJ., dissenting.

Note.    Reversed by Supreme Court of the United States, 238 U. S. 608,        Sup. Ct. Rep.    .

*Blount & Blount & Carter,* for Plaintiff in Error;

*Reeves, Watson & Pasco,* for Defendant in Error.

COCKRELL, J.—A judgment against the Railroad Company, in the sum of five thousand dollars was recovered, upon a count which reads as follows:

"That the said defendant on the 9th day of February, A. D. 1912, was operating as a common carrier a certain line of railroad between Pensacola, in the State of Florida, and Flomaton, in the State of Alabama; that on the said day plaintiff's intestate was an employe of the said defendant, in its business as a common carrier in interstate commerce; that on said day the said defendant was operating and running an engine in charge of certain of its employes on its said line of railway at and near Flo-

maton, in the State of Alabama, and at or near the station called Flomaton on its said line of railway, and so carelessly and negligently ran and operated its said engine, that they ran it over, upon and against the said Clarence Rhoda, thereby so greatly wounding and injuring the said Clarence Rhoda, that he died from, and as a result of, the said injuries immediately upon their infliction; that at the time of the injury and death of the said Clarence Rhoda he was employed by the said defendant in interstate commerce and the said injury and death were inflicted upon him while he was performing the duties of such employment; that the plaintiff has been duly appointed as administrator of the estate of the said Clarence Rhoda, who left no widow nor children, but did leave surviving him, who still survive, his mother, Annie Patterson Rhoda, and his father, L. M. Rhoda. And the plaintiff alleges that by reason of the death of the said Clarence Rhoda he has sustained damages for which he here sues for the benefit of the parents of the said Clarence Rhoda, in the sum of Twenty Thousand ($20,000) Dollars."

The action is based squarely upon the Federal Employers Liability Act of 1908, as amended April 5, 1910, the said amendment being as follows: "That any right of action given by this Act to a person suffering injury shall survive to his or her personal representative for the benefit of the surviving widow or husband and children of such employee, and if none, then to such employee's parents; and if none, then of the next of kin dependent upon such employee; but in such case there shall be only one recovery for the same injury."

The plaintiff in error contends that as the death occurred "immediately" upon the infliction of the injury, no cause of action ever existed in the person suffering the

injury, and therefore there was no cause of action to survive. The contention is not without authority in the decisions by certain State courts upon State statutes. The courts of Massachusetts at an early date so construed the statutes of that State, and in more recent times Mississippi, Iowa and other States. See Illinois Cent. R. Co. v. Pendergrass, 69 Miss. 425, 12 South. Rep. 954; Major v. Burlington, C. R. & N. Ry. Co., 115 Iowa 309, 88 N. W. Rep. 815. Judge COOLEY in speaking to this point, says: "A question has also been made in some States whether suit could be maintained where the death was instantaneous; and in Massachusetts, under a somewhat nice and technical construction of the statute, it was decided that the action would not lie in such a case. But probably under no existing statute would it be so held now." Cooley on Torts (3rd ed.) 551. Connecticut refused to follow Massachusetts, Murphy v. New York & N. H. R. R. Co., 30 Conn. 184, and also Broughel v. Southern New England Tel. Co., 72 Conn. 617, 45 Atl. Rep. 435, 49 L. R. A. 404.

The Supreme Court of the United States has not as yet construed this amendment to the statute directly, nor so far as we are advised has any Federal Court. In Michigan Cent. R. R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. Rep. 192, that court in a case arising before the amendment, declined to follow the Massachusetts Courts to the extent of holding that a few hours survival of the injury destroyed the right of action in the beneficiaries, and to this extent indicated that it would not destroy a right of action by a nice technical construction of a statute, intended primarily to strike down defenses theretofore existing in behalf of interstate carriers, in the killing or maiming of their employees.

It will be noted that the declaration alleges the death

to have followed "immediately" which the Maine Court differentiates from the conception of "instantaneous" death. Sawyer v. Perry, 88 Me. 42, 33 Atl. Rep. 660. Few, if any, deaths may be correctly denominated as instantaneous. The vital spark is so tenacious, that it rarely, if ever, leaves the body the moment that fatal blow is inflicted, and if it survive that blow but a mathematical moment, why may it not be logically said that the cause of action for that moment existed in the injured individual, and if so, then the statute applies and the cause of action survives in the personal representative for the injury thus done. If this be technical reasoning, we are using it in reply to a technical argument, for surely no lawmaker intended to make the severity of a blow a defense to the evil aimed at.

The pleader's use of the word "immediately" may serve a two-fold purpose. First, to show there was no intervening or mediate cause, and, secondly, to apprise the defendant that no claim would be made for physical suffering. We think the count stated a good cause of action.

At the trial the court charged the presumption of negligence from the act of injury done by the running of the locomotives or cars of a railroad company, under the local law. It is argued that this was error, upon the theory that the Federal Act controls, and that the Florida law has no application. If Section 3148 of the General Statues establish a liability against the railroads, the argument would be unanswerable; but despite the title given to the section, we think the uniform construction placed by this court, as well as by the Georgia court upon the same statute, conclusively shows that the section does not impose a liability, but asserts merely a rule of evidence, to be applied by the local courts. Consumers'

Electric Light & St. R. Co. v. Pryor, 44 Fla. 354, 32 South. Rep. 797; Richmond & D. R. Co. v. Mitchell, 92 Ga. 77, 18 S. E. Rep. 290. This rule of evidence whether based upon a statute or court decision, is founded upon that broader rule requiring the party most likely to possess the proof to produce it, or upon the theory that the instinct of self preservation presumptively rebuts the idea that the injury was self inflicted. The railroad companies, through their agents, have complete charge of the operation and equipment of their trains and track, subject only to regulation or supervision by the State, with ample means of investigation into the causes of accidents producing injury to others, while the person injured, or the representative of the person killed, can ascertain the facts only under serious handicap.

We are frank to say that in the case now before us, it is very doubtful if the plaintiff could have proven liability, without the aid of this local rule of evidence, but the admission does not affect the liability or unduly interfere with or impose local enlargement of an interstate common carrier's liability to its employes.

We must apply our own rules of procedure and evidence, in the enforcement of a liability created or regulated by the Congress, except in so far as the Federal statute may interpose.

The court further charged the jury that the measure of damages, if the plaintiff recovered, would be the loss to the estate of the intestate, caused by the injury resulting in his death; that is, the amount he would probably have accumulated, reduced to its present money value. We find no fault in this. Under the amendment, as we construe it, without enlightenment on the subject from the final arbiter, the Federal Supreme Court, the administrator, in bringing the action, has the option to seek

recovery either for the loss to the estate, as was here done, or for the loss to the beneficiary, the recovery in either case being for the latter's benefit, but he cannot recover for both losses. If the liability of the intestate towards his parents indicated that their loss would probably be greater than the accumulations for himself, the administrator suing for their benefit might upon proper declaration of these facts recover the larger amount; on the other hand if nothing or little was contributed to the beneficiaries under the statute, the administrator could recover the larger amount by suing under the survivorship amendment.

We find no error, and the judgment is affirmed.

SHACKLEFORD, C. J., and HOCKER, J., concur.

WHITFIELD, J. (*dissenting*)—The proceedings and judgment herein do not conform to the Federal law under which this action is brought.

The Federal Employers' Liability Act of 1908 "declares two distinct and independent liabilities," and consequently two separate rights of action for "damages to any person suffering injury while he is employed by" a railroad common carrier engaged in interstate commerce "resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier," etc. One liability is to the injured employee with a right of action to recover "such damages as would compensate him for his expense, loss of time, suffering and diminished earning power." Under the original act of 1908, this right of action given to an injured employee was extinguished with the employee's death. The other liability is that in case of the death of the employee as a proximate result of a negligent injury to give "a right of ac-

tion to certain relatives dependent upon an employee wrongfully injured, for the loss and damage resulting to them financially by reason of the wrongful death." This latter cause of action "is independent of any cause of action which the decedent had, and includes no damages he might have recovered for his injury if he had survived." Michigan Central Ry. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. Rep. 192; American R. R. v. Didricksen, 227 U. S. 145, 33 Sup. Ct. Rep. 224.

By an amendment of April 5, 1910, another section was added to the act of 1908, which provides "That any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then to such employee's parents; and, if none, then to the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury." This amendment makes the right of action given *to an injured employee* survive to his personal representative, and in effect makes the personal representative of the decedent the proper plaintiff and the same classes of persons the beneficiaries in either right of action given by the act of 1908, when the injured employee dies before a recovery is obtained; but the measure of recovery is materially different in the two actions. The damages claimed in an action by the personal representative of a deceased employee, whether under the one or the other of the stated distinct liabilities should be duly alleged, and should be proven substantially as alleged.

The death in this case is alleged to have been immediate upon the injury, and the declaration does not claim damages for injuries sustained by the decedent before his death, but alleges that "by reason of the death of the"

decedent, the administrator "has sustained damages for which he here sues for the benefit of the parents of the" decedent. This clearly indicates that the damages claimed for the stated beneficiaries are those "resulting to them financially by reason of the wrongful death;" not damages that could have been recovered by the decedent but for his death.    See Michigan Cent. R. R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. Rep. 192; Tiffany, Death by Wrongful Act (2nd ed.)    Sec. 74; Dillon v. Great Northern Ry. Co., 38 Mont. 485, 100 Pac. Rep. 960; Illinois Cent. R. Co. v. Pendergrass, 69 Miss. 425, 12 South. Rep. 954; McVey v. Illinois Cent. R. Co. 73 Miss. 487, 19 South. Rep. 209; West v. Detroit United Ry. 159 Mich. 269; 123 N. W. 1101.    The proofs and charges as to the damages are inapplicable to the cause of action stated.    See G. C. & S. F. Ry. v. McGinniss, Admx., Sup. Ct. U. S., April 7, 1913, 228 U. S. 173, 33 Sup. Ct. Rep. 426; Thomas v. C. & N. W. Ry., 202 Fed. 766.

When the Federal Employers Liability Law was enacted by Congress, no rule of evidence was prescribed therein, and it must be assumed that the enactment contemplated the continuance of the common law rule of evidence in negligence cases which was at that time enforced by the Federal Supreme Court.    The rule then in force was that where *an employee* is injured in the course of his employment such injury carries with it no presumption of negligence on the part of the employer; and actionable negligence of the employer is an affirmative fact for the plaintiff to prove substantially as alleged.

In such a case it is not sufficient for the plaintiff to show that the employee may have been negligent; but there must be at least some substantial evidence either direct or circumstantial pointing to the fact that the employer was negligent and that such negligence was a

proximate cause of the injury alleged. When the testimony is uncertain, and shows that the injury may have been caused by any one of several things, for some of which the employer is not responsible, the jury is not by law authorized to guess which of the several causes proximately resulted in the injury to the employee, and to find that the negligence of the employer was the real cause, when there is no substantial foundation in the testimony for that conclusion. See Patton v. Texas & P. Ry. Co., 179 U. S. 658; 21 Sup. Ct. Rep. 275.

Sections 3148, 3149 and 3150 of the General Statutes of Florida of 1906, were first enacted as one law in 1891, "defining the liabilities of railroad companies in certain cases." Section 3148 provides that a railroad company shall be liable for any damage done to persons or property by the running of trains unless the company shall make it appear that its agents have exercised all ordinary and reasonable care and diligence. This section was intended to apply only to actions brought against railroad companies on liabilities defined by the statutes of this State. See Atlantic Coast Line R. Co. v. McCormick, 59 Fla. 121, 52 South. Rep. 712.

The Federal Employers' Liability Act is quite different from the State enactments, and is intended to operate uniformly in all the States to the exclusion of local laws on subjects affecting the liability covered by the Federal law. To impose or to establish liability by means of a local statutory presumption of negligence is a species of substantive regulation that the legislature of the State has not attempted to project into actions for damages authorized solely by the Federal law enacted under the paramount and exclusive power of Congress to regulate interstate commerce.

TAYLOR, J., concurs.