Maryland Casualty Company, a corporation, the Carrier, and Southern Pine Chemical Company, the Employer, v. Frances L. Sutherland, as Executrix of the Estate of Samuel Hamilton, also known as Sam Hamilton, deceased.

169 So. 679.

Division A.

Opinion Filed September 18, 1936.

*Harry T. Gray* and *Marks, Marks, Holt, Gray & Yates,* for Appellants;

*P. L. Gaskins* and *George Couper Gibbs,* for Appellee.

PER CURIAM.—This case is before us on appeal from the judgment and order of the Circuit Court of Duval County, affirming an award of the Florida Industrial Commission.

The facts involved in this case are relatively simple and are not controverted. Sam Hamilton, while employed by the Southern Pine Chemical Company, sustained injuries on October 3, 1935, arising from and in the course of his employment, which resulted in his death on October 6, 1935. The deceased adult employee, at the time of his injury and death, left surviving him no widow, child or other person dependent upon him for support. Frances L. Sutherland was, on October 11, 1935, duly appointed and qualified as Executrix of the Estate of Sam Hamilton, deceased.

The Executrix filed a petition against the Southern Pine Chemical Company, Employer, and the Maryland Casualty Company, called "Carrier" by the statute before the Florida Industrial Commission, in which she sought an award to compensation under Chapter 17481, Acts of 1935.

The Carrier and the Employer filed their answer in which they admitted practically every allegation of fact contained

in the petition; but denied the right of petitioner to compensation other than medical benefits and funeral expenses.

Hearing was had on December 3, 1935, in Jacksonville, Florida, before Hon. Wendell C. Heaton, Chairman of the Florida Industrial Commission. The only evidence offered at the hearing related to the fee to be allowed petitioner's attorneys, from the award she might recover.

The Florida Industrial Commission made the following award in the case:

"Award for the Petitioner is hereby granted, and it is the order of the Florida Industrial Commission the following obligations be discharged by the Carrier in behalf of the Employer because of the death of Samuel Hamilton:

"Medical expenses, $465.50, payable for the following services as per order of the Commission, November 15th, 1935, as per Section 13 (c):

| | |
|---|---|
| Hospital | $104.50 |
| Nurses | 36.00 |
| Blood donor | 75.00 |
| Dr. Harris | 250.00 |

"Funeral expenses $150.00 as per Section 16 (a).

"Compensation of $10.53 per week for 350 weeks in the form of a lump sum settled payable to the Executrix of the Estate of Samuel Hamilton, computed at four per centum (4%) per annum, true discount compounded annually, to-wit: Thirty-two Hundred thirty-seven dollars and Ninety-four Cents ($3,237.94).

"The Florida Industrial Commission approves the payment of attorney's fees from the award to Attorneys George Couper Gibbs and Perse L. Gaskins in the amount of Two Hundred Fifty Dollars ($250.00) for legal services to the claimant."

An appeal was taken under the statute by the Employer and the Carrier to the Circuit Court in and for Duval County, Florida. It was stipulated in writing by counsel for both parties that the appellate proceedings in the Circuit Court should be heard as an appeal and not tried *de novo;* and that in the event the "Workmen's Compensation Act" gave either party the right to have a jury trial, it would be waived.

After having read the record and heard the argument of counsel, the Circuit Court entered its judgment and order; which, after reciting the facts leading up to the appeal, contained the following:

"The allowances for medical and funeral expenses and the approval of attorney's fees are not questioned by Appellants. They attack the compensation order and award claiming that the Florida Workmen's Compensation Act should not be construed to warrant the award to the Executrix, as such, of the amount of $3,237.94, or any other amount, as a general asset of the estate of the deceased employee, such award being designated by the Appellants as a 'death benefit.' This contention is the basis of the appeal and presents the sole question to be decided: Does the Florida Workmen's Compensation Act provide for death benefits other than funeral and medical expenses when the employee dies leaving no widow or dependents surviving him?

"The part of the award attacked was evidently based on sub-paragraph (b) of Section 16 of the Act, which provides that 'the total amount of compensation payable under this section on account of the death of an employee shall not exceed 50 per centum if no dependents, 55 per centum if one dependent and 60 per centum if more than one dependent of the average weekly wage of such employee, and

shall not extend beyond a period of 350 weeks from the time of the injury.'

"This Court is of the opinion that the intent of the Legislature, as shown by the Act in question, was to provide for the payment, under the Workmen's Compensation Act and within the limits fixed in the Act, in cases where the deceased employee left no widow or dependents, of compensation to his estate analogous to the damages provided for in such case by the Florida Death by Wrongful Act Statute, Chapter 3439, Acts of 1883. The construction contended for by Appellants cannot be reached without violating the meaning of the words and ignoring the plain language of the Compensation Act.

"For the above reason it appears to the Court that said Award and Compensation Order made by the Florida Industrial Commission on December 21, 1935, is in accordance with law; and it is, therefore, considered, ordered and adjudged by the Court that said Award and Compensation Order be, and the same is hereby affirmed; and that the payment of attorney's fees from said award to Honorable George Couper Gibbs and Perse L. Gaskins, Esquire, in the amount of $250.00 for legal services to the claimant be, and the same is hereby, approved."

From this judgment and order of the Circuit Court, the Carrier and the Employer took an appeal under the statute, to the Supreme Court.

The question presented is whether, under the Florida Workmen's Compensation Act, the personal representative of a deceased employee has the right to recover "compensation" on behalf of the decedent's estate, when the deceased employee died as the result of an injury received in the course of his employment, and left surviving him no person dependent upon him for support.

The death benefits under the Florida Workmen's Compensation Act, Chapter 17481, Acts of 1935, which are questioned in this appeal, are found in Section 16 (b) of that Act as follows:

"The total amount of compensation payable under this Section on account of the death of an employee shall not exceed 50 per centum if no dependents, 55 per centum if one dependent and 60 per centum if more than one dependent of the average weekly wage of such employee; and shall not extend beyond a period of 350 weeks from the time of the injury. Such compensation shall be subject to the limits provided in Section 12 (b) that is, not over $18.00 per week or less than $4.00 per week unless deceased employee's average weekly wages were less than $4.00, in which event the compensation shall be equal to the full amount of the average weekly wage."

This Section, Sec. 16 (b) of Chapter 17481, Acts of 1935, awarding death benefits is peculiar in that it provides for compensation in case the deceased employee left "no dependents," which goes a step further than any statute yet enacted on the subject under workmen's compensation laws. In thirty states compensation is payable only to dependents and certain designated beneficiaries, upon the death of the employee. It is provided by the laws of nine states, Alaska, the District of Columbia and by the Longshoreman's and Harbor Worker's Act that if the deceased employee left no dependents, specified payments shall be made into public funds. In Kentucky, if the deceased left no dependents, $100.00 is payable to his personal representative. In North Carolina and South Carolina, if the deceased employee left no dependents, part of the compensation is paid into a public fund and part is paid to the personal representative for distribution as specified. In Oklahoma, no provision is made for death benefit, the remedy

in tort for wrongful death still being retained. See Jones Digest of Workmen's Compensation Laws (14th Ed.) ; 2 Schneider Workmen's Compensation (2d Ed.) Secs. 365, 366.

There has been found no precedent for us to follow in the law of workmen's compensation, where the deceased employee left no dependents and the entire amount of compensation is to be paid to the estate of the deceased employee.

The legislative history of an Act is important only when there is doubt as to what is meant by the language employed in the Act. Where the language used, considered in its ordinary and grammatical sense, clearly expresses the legislative intent, rules of construction and interpretation are unnecessary. See State v. Beardsley, 84 Fla. 109, 94 So. 660; State v. Burr, 79 Fla. 290, 84 So. 61; Osborne v. Simpson, 94 Fla. 793, 114 So. 543.

The intention and meaning of the Legislature must be primarily determined from the language of the statute itself and not from conjecture *aliunde*. When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction. The statute must be given its plain and obvious meaning. Douglas v. McRainey, 102 Fla. 1141, 137 So. 157, 159. See also State v. Amos, 76 Fla. 26, 79 So. 433.

The Act, Chapter 17481, Acts of 1935, specifically states that there shall be awarded as compensation on account of the death of an employee an amount which "shall not exceed 50 per centum if no dependents" of the average weekly wage of such employee, for a period not in excess of 350 weeks. The language is plain and needs no interpretation.

The Workmen's Compensation Act provides for injuries

of different classes, which do not result in death, in Section 15 of the Act, in the following manner:

"(a) Permanent Total Disability: In case of total disability adjudged to be permanent 50 per centum if no dependents, 55 per centum if one dependent and 60 per centum if more than one dependent of the average weekly wages shall be paid to the employee during the continuance of such total disability, not to exceed three hundred and fifty weeks.

\* \* \*

"(b) Temporary Total Disability: In case of disability total in character but temporary in quality 50 per centum if no dependents, 55 per centum if one dependent and 60 per centum if more than one dependent of the average weekly wages shall be paid to the employee during the continuance thereof, not to exceed three hundred and fifty weeks, except as provided in Section 12 (a).

"(c) Permanent Partial Disability: In case of disability partial in character but permanent in quality the compensation shall be 50 per centum if no dependents, 55 per cetntum if one dependent and 60 per centum if more than one dependent of the average weekly wage, and shall be paid to the employee as follows:

\* \* \*

"(d) Temporary Partial Disability: In case of temporary partial disability resulting in decrease of earning capacity the compensation shall be 50 per centum if no dependents, 55 per centum if one dependent and 60 per centum if more than one dependent of the difference between the injured employee's average weekly wages before the injury and his wage earning capacity after the injury in the same or other employment, to be paid during the continuance of such disability, but shall not be paid for a period exceeding five years."

The Act makes provision for (1) permanent total disa-- bility, (2) temporary total disability, (3) permanent partial disability and (4) temporary partial disability by allowing 50 per centum if no dependents, 55 per centum if one dependent and 60 per centum if more than one dependent of the average weekly wages or of the decrease in weekly earning capacity, determined by the class of injury received, to be paid to the injured employee. Section 15 of Chapter 17481, Acts of 1935.

The Act, Chapter 17481, Acts of 1935, provides differently for death benefits by stating that such compensation *shall not* exceed 50 per centum if no dependents, 55 per centum if one dependent or 60 per centum if more than one dependent of the average weekly wage of the deceased employee. The Act makes provision for all four types of injury and for death of an employee on the same percentage basis with reference to the number of dependents, the only difference being that in the case of death, the percentages designated are the maximum compensation allowed.

Section 16 of Chapter 17481, Acts of 1935, providing compensation for death of an employee, does not provide anyone to whom the compensation shall be paid in case the employee leaves no dependents, whereas it does make provision for the order of preference to be observed among dependents. Failure to expressly designate one to whom compensation should be paid where there are no dependents, does not negative the statutory obligation expressly imposed. By necessary implication the Legislature intended that the compensation provided for in such event should be paid to the personal representative of the deceased employee, because Section 20 (1) of the Act states that the personal representative, among others, may receipt for payment of the compensation. The right to receive compensation under such circumstances will not be denied merely

because of a failure of the Act to designate one to whom the compensation should be paid.

Prior to the enactment of the Workmen's Compensation Act, the personal representative of an employee who had been negligently killed in the course of his employment, could bring an action for the wrongful death, for the benefit of the decedent's estate, provided there was no one in the precedent classes enumerated by the statute who might bring the action. Secs. 7047, 7048 C. G. L. See Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 So. 755, 15 L. R. A. (N. S.) 451; L. & N. R. R. Co. v. Jones, 45 Fla. 407, 34 So. 246; L. & N. R. R. Co. v. Rhoda, 71 Fla. 526, 71 So. 369; Carter v. Arnold Lumber Co., 83 Fla. 470, 91 So. 893. The Legislature did not intend, by enactment of the Workmen's Compensation Act, to take away the right given to personal representatives of deceased employees, under Sections 7047 and 7048 C. G. L., to bring suit for the negligent death of the employee occasioned by an industrial accident, where the deceased employee left no dependents, and then fail to provide a remedy in the Act itself for such a situation. Neither was it intended by the Legislature that the Workmen's Compensation Act apply to all industrial accidents except where the employee was killed and left no dependents, and leave such cases to be provided for by the Death by Wrongful Act statutes. Secs. 7047, 7048, C. G. L. The Legislature intended, by the Workmen's Compensation Act, to provide for all industrial accidents, covered by the statute, whether resulting in injury or death, where the employment was other than casual and the injury occurred in the course of employment, Sec. 2 (2) of Chapter 17481, Acts of 1935, and the language of the Act clearly makes provision for all such cases in Section 3, which states:

"From and after the taking effect of this Act, *every* employer and *every* employee, unless otherwise specifically provided, shall be presumed to have accepted the provisions of this Act, respectively to pay and accept compensation for *injury* or *death,* arising out of and in the course of employment, and shall be found thereby unless he shall have given prior to the injury, notice to the contrary as provided in Section 5." (Emphasis supplied.)

It must have been the purpose of the Legislature, by wording the Act as it did, to compensate for all fatal as well as other injuries covered by the statute. For if there should be no compensation awarded for the death of an employee without dependents, then industry could seize upon this situation and place such men in the most hazardous places of work, knowing that if they were killed, it would cost industry nothing. Such a construction of the law would tend to cause industry to disregard the value of the lives of those employees who are without dependents.

The right to compensation in such a situation was ably expressed by the North Carolina Supreme Court in the case of Reeves v. Parker-Graham-Sexton, 199 N. C. 236, 154 S. E. 66, as follows:

"The burden is on industry to repair material used in the operation of its works, and under this Act the burden is to take care of the human, wrecked or killed, whether having dependents or not, and that is the fine purpose of the Act agreed upon by employer and employee. The Act provides that the burden is not only to provide compensation for those who have dependents, but also for those who have no dependents. The intent of the Act was to give equal rights upon the death of the employee who came within the language of the Act, whether he has dependents or not. An employee's life is of value to dependents, and it is unthinkable that it should not be so to the next of kin."

The award not having been found to be in excess of the amount provided by statute, and having been made pursuant to and in accordance with the requirements of the statute, the judgment and order of the Circuit Court, affirming the award of the Florida Industrial Commission, is hereby affirmed.

Under Section 34 of the Workmen's Compensation Act, the Florida Industrial Commission approved a fee for claimant's attorneys in the amount of $250.00, to be paid from the award, which was also approved by the Circuit Court, and is hereby affirmed. An additional sum of $150.00, requested by petition, is hereby approved for the services of appellee's attorneys in prosecuting this appeal to final decision in the Supreme Court.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.