QUESTIONS: 1. Is the expenditure of moneys collected by municipalities and counties pursuant to s. 943.25(5), F. S., limited to law enforcement training and educational purposes? 2. What fiscal procedures should be established to account for and distribute the moneys collected pursuant to s. 943.25(5), F. S.?
SUMMARY: The proceeds of the additional $1 costs assessment imposed by a municipality or county pursuant to s. 943.25(5), F. S., may be expended only for law enforcement education for the respective law enforcement personnel. The budgeting and appropriation of, and accounting for, the proceeds of such additional $1 costs assessment is not within the statutory authority or duties of the Division of Standards and Training or the Police Standards and Training Commission. Subject to applicable provisions of law, charters, and ordinances relating to the budgeting, appropriation, and disbursement of, and accounting for, county and municipal funds, it is the prerogative and responsibility of the governing bodies of the respective counties and municipalities assessing such additional $1 costs to establish a method of handling and accounting for the moneys collected thereby. AS TO QUESTION 1: Section 943.25, F. S., provides generally for the establishment and supervision by the Division of Standards and Training of the Department of Criminal Law Enforcement of an advanced and highly specialized training program, to be approved by the Police Standards and Training Commission, for the training of law enforcement officers and support personnel in the prevention, investigation, detection, and identification of crime, and, upon request, the instruction of law enforcement agencies in these areas. The expenses of such program are funded by a $1 court cost assessed in state courts against every person convicted for violation of a state penal or criminal statute or municipal or county ordinance not related to the parking of vehicles and $1 from every bond estreature or forfeited bail bond related to such penal statutes or penal ordinances. All such costs collected are remitted to the state for deposit in the State Treasury to be credited and disbursed in the manner prescribed by s. 943.25(3), (7), and (8), F. S. Section 943.25(5), F. S. (formerly s. 23.105, F. S. 1973), provides that: Municipalities and counties may assess an additional $1, as aforesaid, for law enforcement education expenditures for their respective law enforcement officers. (Emphasis supplied.) In statutory construction, it has been held that statutes must be given their plain and obvious meaning. Maryland Casualty Company v. Sutherland, 169 So. 679 (Fla. 1936); Fixel v. Clevenger,285 So.2d 687 (3 D.C.A. Fla., 1973). Moreover, it is a basic rule of statutory construction that the express mention of one thing is the exclusion of another. Dobbs v. Sea Isle Hotel, 56 So.2d 341
(Fla. 1952); State ex rel. Shevin v. Indico Corp., 319 So.2d 173
(1 D.C.A. Fla., 1975); Marshall v. Hollywood, Inc., 224 So.2d 743,750 (4 D.C.A. Fla., 1969). Applying these rules here, the plain and obvious meaning of s. 943.25(5), F. S., is that the moneys collected by a municipality or county pursuant thereto may be expended only on the one thing expressed therein, i.e., "law enforcement education . . . for their respective law enforcement officers." Cf. AGO's 073-284 and 074-134, both of which at least imply that the moneys so collected should be expended only for law enforcement education purposes. AS TO QUESTION 2: The approval or disapproval of expenditures for, and the appropriation of moneys collected pursuant to s. 943.25(5), F. S., to, law enforcement education programs and purposes is the lawful duty and responsibility of the governing bodies of the affected counties or municipalities. The budgeting and appropriation of, and accounting for, the proceeds of such moneys is not within the statutory duties of the Division of Standards and Training or the Police Standards and Training Commission, neither agency having authority to regulate in this area. Cf. State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974). However, it was stated in AGO 074-134 that, pursuant to certain provisions of Part IV, Ch. 23, F. S. 1973 (carried forward in substantially similar form as ss. 943.12, 943.14, 943.17, and 943.20, F. S.), local police training and education programs which are not exempted by s. 23.069(8) and (9), F. S. 1973 (now s. 943.14(7) and (8), F. S.), "should be submitted for approval in writing by the Police Standards Board" (now the Police Standards and Training Commission), such approval insuring that the moneys collected pursuant to s. 23.105, F. S. 1973 (now s. 943.25(5), F. S.), would not be expended for any unauthorized law enforcement education programs. Cf. AGO 073-284. As to the appropriate fiscal procedures to be utilized to account for and distribute the moneys collected pursuant to s. 943.25(5), F. S., it is the prerogative and responsibility of the governing bodies of the municipalities and counties which assess the additional $1 to establish a method of handling such moneys. Of course, the method so established is governed by the fiscal and budgetary procedures required by law, applicable charter provisions, and ordinances. See generally Ch. 129, F. S.; s. 166.241, F. S., and Part III, Ch. 218, F. S.