James W. Vance Attorney for Lake Worth Utilities Authority Palm Beach
QUESTION:
Is the Lake Worth Utilities Authority an independent or dependent special district?
SUMMARY:
The Lake Worth Utilities Authority is a part and unit of the government of the City of Lake Worth and is therefore an agency or unit of the city government; it is not a `special district' as that term is defined in s. 218.31(5), F. S. The financial report or statement of the operations and financial condition of the utilities authority should be contained in and reported as an integral or component part of the city's annual financial report.
The `special Districts Disclosure Act of 1979,' ch. 189, F. S., provides is s. 189.003(1) that the meanings of the terms `special district' and `independent special district' for purposes of ch. 189 shall be the same as those provided in s. 218.31, F. S. It is therefore necessary initially to determine whether the Lake Worth Utilities Authority is a `special district' as defined in s.218.31(5). My examination of the relevant provisions of the enabling legislation for the Lake Worth Utilities Authority, ch. 69-1215, Laws of Florida, as amended, compels me to conclude that the authority is not a `special district,' as defined in s.218.31(5). This conclusion renders moot your question whether the Lake Worth Utilities Authority is a `dependent' or `independent' special district. To the extent of any conflicting comments which may have been expressed in an informal letter to Mr. Frank A. Kreidler dated July 11, 1979, this opinion shall supersede and constitute the official opinion of this office.
The `Lake Worth Utilities Authority, City of Lake Worth, Florida,' was created by s. 1 of ch. 69-1215, Laws of Florida, and was vested with the responsibility `for the development, production, purchase, and distribution of all electricity, gas, water, sanitary sewer collection and disposal, and other utility services by the City [of Lake Worth]' and with the `exclusive jurisdiction, control and management of the utilities of the City and all its operations and facilities.' Section 1, ch. 69-1215. The title to ch. 69-1215 provides that it is `[a]n Act relating to the City of Lake Worth, Florida'; s. 1 provides that the authority is `created and made a part of the government of the City' (Emphasis supplied.) and further that the authority `shall operate as a separate unit of City government . . . .' (Emphasis supplied.) While the authority is granted a certain degree of autonomy from the control and direction `of other City officers and of the City Commission,' it is clear throughout the act that the authority is a separate unit and part of the government of the City of Lake Worth. Indeed, in several aspects of its operations the authority is subject to the supervisory control of, or requires the approval of, the city commission. See, e.g., ss. 1, 2, 7, and 8 of ch. 69-1215, as amended, s. 2, ch. 72-591, and s. 1, ch. 73-524, Laws of Florida. The members of the authority are appointed by the governing body of the City of Lake Worth, and any vacancy in the membership on the authority is filled in the same manner as in the original appointments. The city commission may remove any member of the authority for malfeasance, misfeasance, or nonfeasance in office or upon a member's ceasing to possess the prescribed qualifications for office. Section 2(1), (2), and (3), ch. 69-1215.
When the language of a statute is clear and unambiguous, the plain meaning of the words must be given effect, and there is no necessity to resort to rules of statutory construction. See
Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950), and Maryland Casualty Co. v. Sutherland, 169 So. 679 (Fla. 1936). The language of ch. 69-1215, Laws of Florida, as amended, is clear, and the legislative intent plainly expressed therein demonstrates that the Lake Worth Utilities Authority is a part of the government of the City of Lake Worth operating as a separate unit of that city's government, except as otherwise provided in the enabling legislation.
For purposes of the `Uniform Local Government Financial Management and Reporting Act,' part III of ch. 218, F. S., financial reporting requirements are determined on the basis of whether the unit of local government is classified as a county, municipality, or special district. As a unit or part of the city government of the City of Lake Worth, the authority's financial condition should be contained in and reported as an integral or component part of the city's annual financial report. The authority must annually furnish the city commission with a financial report and a statement of the operations and financial condition of the utilities and each separate division of the authority, which reports are to be kept in the city clerk's office and open to public inspection. Funds and accounts of the authority are required to be audited annually by a certified public accountant appointed by the city commission. Section 8(12), ch. 69-1215, Laws of Florida. All revenue bonds or certificates issued by the authority are obligations of the City of Lake Worth. Section 8(8), ch. 69-1215.
Prepared by: Craig B. Willis, Assistant Attorney General