Mr. Donald R. Hall City Attorney City of Fort Lauderdale Post Office Drawer 14250 Fort Lauderdale, Florida 33302
Dear Mr. Hall:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 ARE FLORIDA MUNICIPALITIES AUTHORIZED TO CREATE MORE THAN ONE CODE ENFORCEMENT BOARD PURSUANT TO CH. 162, F.S.?
In your letter of inquiry you state that "[t]he City of Fort Lauderdale has a large backlog of cases it would like to present to its Code Enforcement Board and the creation of a second Board would provide a solution to the case load problem." You also note that although the language of s. 162.03(1), F.S., is couched in the singular, s. 1.01(1), F.S., provides that where the context permits, "[t]he singular includes the plural and vice versa."
The "Local Government Code Enforcement Boards Act," Ch. 162, F.S., was enacted to establish administrative enforcement procedures and a means of imposing administrative fines by local governing bodies for violations of local codes and ordinances. See, AGO 85-84 concluding that such a mechanism established by statute is necessary in light of the provisions of s. 1, Art. V and s. 18, Art. 1, State Const., which respectively provide that "[c]ommissions established by law, or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices," and that "[n]o administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law." See also, AGO 79-109 (governing body of charter county prohibited in absence of statutory authorization from providing by ordinance for the imposition of civil penalties by agencies [County Consumer Protection Board] of the county); Broward County v. Plantation Imports, Inc., 419 So.2d 1145 (4 D.C.A.Fla., 1982) (holding that the provisions of a county ordinance authorizing assessment of penalties by a county agency was unconstitutional, and agreeing with the conclusion in AGO 79-109); and see, AGO's 84-51 (ordinance of noncharter county is not a "law" within the purview of s. 5[c], Art. II, State Const.); 84-39 (municipal ordinance is not a "law" within meaning of s. 8, Art. 1, State Const.). This office has stated on numerous occasions that a local government or its governing body derives no delegated authority from Ch. 162, F.S., to enforce its codes in any manner other than as provided in that chapter. Further, municipalities derive no home rule power from s. 2(b), Art. VIII, State Const., or s. 166.021, F.S., to regulate the statutorily prescribed enforcement procedures provided in Ch. 162. See, AGO's 85-84; 85-53; 85-27; 85-17; 84-55.
Chapter 162, F.S., was amended by the 1986 Legislature. As amended by s. 2, Ch. 86-201, Laws of Florida, s. 162.03(1), F.S., states that each county or municipality may now, at its option, create or abolish by ordinance local government code enforcement boards as provided in Ch. 162, F.S. Section 162.05(1), F.S., as amended by s. 4, Ch. 86-201, provides in pertinent part:
 [t]he local governing body may appoint one or more seven-member code enforcement boards and legal counsel for the enforcement boards. Members of the enforcement boards shall be residents of the municipality in the case of municipal enforcement boards, or residents of the county in the case of county enforcement boards.
And see, the title to Ch. 86-201, Laws of Florida, stating that it is "[a]n act relating to local government code enforcement boards; . . . authorizing creation of more than one board by a local government. . . ."
Section 13 of Ch. 86-201, supra, provides that the "act shall take effect upon becoming a law." I am advised that it was signed by Governor Bob Graham on July 1, 1986, and filed in the office of the Secretary of State on the same day. Therefore, the amendment became effective on July 1, 1986. See, AGO's 73-303; 72-182; 61-91.
It is axiomatic that where the language of a statute is plain and unambiguous, there is no necessity for any construction or interpretation of the statute, and effect should be accorded to the plain meaning of the statute's terms. Holly v. Auld,450 So.2d 217 (Fla. 1984); State v. Egan, 287 So.2d 1 (Fla. 1973); Tropical Coach Line, Inc. v. Carter, 121 So.2d 779 (Fla. 1960); Maryland Casualty Co. v. Sutherland, 169 So. 679 (Fla. 1936). Chapter 162, F.S., as amended by Ch. 86-201, Laws of Florida, effective July 1, 1986, clearly and unequivocally grants to local governments the authority to create more than one code enforcement board for the purposes enumerated therein.
Accordingly, it is my opinion that municipalities are authorized to create more than one local government code enforcement board pursuant to Ch. 162, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General