LOUISVILLE & NASHVILLE RAILROAD COMPANY, *Plaintiff in Error*, v. L. M. RHODA AS ADMINISTRATOR, *Defendant in Error*.

## Opinion Filed January 18, 1917.

1. Section 3148, General Statutes of 1906, defines the liabilities of railroad companies in certain cases, and in so far as such statute in effect creates a presumption of negligence from "damage done to persons" "by the running of the locomotives or cars or other machinery of" "a railroad company," such provision is a matter of substance affecting the liability of railroad companies, and being in conflict with the provisions of the Federal Employer's Liability Act, it is superseded by the Federal Act which is paramount and exclusive in cases to which the latter is applicable.

2. Under the Federal Employer's Liability Act, the burden is upon the plaintiff to prove negligence of the defendant that proximately caused the injury alleged; and while the circumstances of the injury, under the doctrine of *res ipsa loquitur*, may warrant an inference or presumption of negligence, such inference or presumption merely requires the defendant to produce evidence in explanation or rebuttal; and the inference or presumption is to be weighed against the evidence in explanation or rebuttal, observing the rule that the burden of proof is upon the plaintiff; and if the probative force of the circumstances and facts in evidence do not preponderate in favor of the presumption and against the defendant's proofs, the plaintiff fails to make out his case.

3. Even where contributory negligence and assumed risk are rightly pleaded but are not proven, the plaintiff may not recover where the evidence shows without contradiction that the defendant was not negligent as alleged.

Writ of Error to Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Judgment reversed.

*Blount & Blount & Carter,* for Plaintiff in Error;

*McGeachy & Lewis* and *Watson & Pasco,* for Defendant in Error.

WHITFIELD, J.— A former judgment herein obtained in the Circuit Court and affirmed by this court, 71 Fla. 526, 71 South. Rep. 371, was by the Supreme Court of the United States "reversed upon the authority of Michigan Cent. R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. Rep. 192; American R. Co. of Porto Rico v. Didrickson, 227 U. S. 145, 33 Sup. Ct. Rep. 224; Gulf, C. & S. F. R. Co. v. McGinniss, 228 U. S. 173, 33 Sup. Ct. Rep. 426; Garrett v. Louisville & N. R. R. Co., 235 U. S. 308," 35 Sup. Ct. Rep. 32; Louisville & N. R. R. Co. v. Rhoda, 238 U. S. 608, 35 Sup. Ct. Rep. 662.

The amended declaration on which the last trial was had alleges that the railroad company "so carelessly and negligently ran and operated its * * * engine; that the same was run against, over and upon * * * Clarence Rhoda, the plaintiff's intestate, thereby so greatly wounding and injuring the said Clarence Rhoda that he died from and as a result of the said injuries immediately upon their infliction; that at the time of the injury and death of the said Clarence Rhoda he was employed by the defendant in interstate commerce, and the said injury and death were inflicted upon him while he was performing the duties of such employment; that the plaintiff has been duly appointed as administrator of the estate of the said Clarence Rhoda; that the said Clarence Rhoda left no widow or children surviving him, but did leave surviving him, who still survives, his parents, to-wit, Annie Patterson Rhoda, his mother, and L. M. Rhoda, his father; that

the said Annie Patterson Rhoda and the said L. M. Rhoda, parents as aforesaid of said Clarence Rhoda, sustained pecuniary damage by the death of the said Clarence Rhoda, in this to-wit, that they lost the pecuniary contributions which they had the reasonable expectation of receiving from the said Clarence Rhoda if he had lived, and were thereby damaged; and the plaintiff by reason of the death of the said Clarence Rhoda as herein alleged, alleges that the said parents of the said Clarence Rhoda have sustained damages which accrue to the plaintiff for the benefit of said parents, and for which he here sues for their benefit in the sum of $10,-000.00."

The pleas were not guilty, contributory negligence and assumed risk. Verdict and judgment were rendered for the plaintiff and the defendant took writ of error.

At the trial the court gave the following charges which were duly excepted to by the defendant; "It devolves upon the plaintiff to prove by a preponderance of the evidence that the deceased, Clarence Rhoda, was killed by the locomotive of the Louisville & Nashville Railroad Company. Then it would devolve upon the Louisville & Nashville Railroad Company to prove by a preponderance of the evidence that it was not negligent in its acts.

"Where the plaintiff shows by the evidence that he has sustained damage and injury by the running of an engine of a railroad company, he is entitled to recover therefor, unless the company makes it appear, or it does not appear by a preponderance of the evidence either that he assumed the risk, or that the injury was not due to negligence of the agents of the company in charge of such engine.

"If you find, after a consideration of the whole of the evidence that the plaintiff's intestate, Clarence Rhoda, was killed by an engine of the defendant on its tracks,

and you do not find from a preponderance of the evidence that he assumed the risk of injury, but the evidence is equally balanced in your minds between negligence and freedom from negligence on the part of the defendant's servants on said engine, your verdict must be for the plaintiff."

The Court also refused to give the following charge requested by the defendant to which refusal the defendant duly excepted:

"This case arises under the Federal Employers Liability Act, and under that Act, the burden of proof is upon this plaintiff to show that the deceased, Clarence Rhoda, came to his death in the manner set forth in the declaration, and that his death was the result of the negligence of the defendant."

The questions necessary to be determined are whether the State statute quoted below conflicts with the Federal Act; and if it does not so conflict, then whether the defendant has sustained the burden placed upon it by the State statute. If there is substantial conflict the Federal Act is paramount, and whether the defendant successfully carried the statutory burden imposed by the local law is quite immaterial.

The Federal Act is entitled "An Act relating to the liability of common carriers by railroad to their employe's in certain cases." The Act provides "That every common carrier by railroad while engaged in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employe, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employe; and, if none, then of such employe's parents, and, if none, then of the next of kin dependent

upon such employe, for such injury or death resulting in whole or in part from the neglience of any of the officers, agents, or employes of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." 35 Stats. at Large 65, c. 149, as amended April 5, 1910, 36 Stats. at Large 291, c. 143.

The State statute as originally enacted in 1891 is entitled "An Act defining the liabilities of railroad companies in certain cases." As re-enacted and brought forward in the General Statutes of 1906, the pertinent sections of the law are as follows:

"A railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars, or other machinery of such company, or for damage done by any person in the employ and service of such company, unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

"If any person is injured by a railroad company by the running of the locomotives or cars, or other machinery of such company, he being at the time of such injury an employee of the company, and the damage was caused by negligence of another employee, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to a recovery. No contract which restricts such liability shall be legal or binding." §§3148, 3150, Genl. Stats, 1906, Comp. Laws, 1914.

Sections 3145 and 3146 General Statutes of 1906 provide for a recovery of damages for the death of a

person caused by the negligence of another where the party killed could have recovered had he lived.

The Federal Act was intended to be paramount and uniform in its operation upon the matters within its purview. This supremacy and uniformity can be attained only by excluding all local laws affecting the substantial rights of the parties that conflict with the Federal Act. The State law is intended to enforce a local State policy substantially different from that disclosed by the terms of the Federal Act. The State law is long prior in date and cannot be regarded as an aid to the Federal Act, but it is apparently in positive and material conflict therewith. The local statute was not intended to cover subjects that are controlled by paramount Federal regulations.

Until Congress acted on the subject, the laws of the several States determined the liability of interstate carriers for injuries to their employes while engaged in such commerce; but Congress having acted, its action supersedes that of the States, so far as it covers the same subject. That which is not supreme must yield to that which is. Second Employers' Liability Cases, 223 U. S. 1, 32, Sup. Ct. Rep. 169.

A Federal Statute upon a subject exclusively under Federal control must be construed by itself and cannot be pieced out by State legislation. If a liability does not exist under the Employers' Liability Act of 1908, it does not exist by virtue of any State legislation on the same subject. Michigan Cent. R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. Rep. 192. In view of this principle announced in one of the cases on the authority of which the former judgment was reversed by the United States Supreme Court, it cannot be said that the questions now considered have been adjudicated and remain the law of the case as announced in the former opinion. This is

2

particularly so when the Supreme Court of the United States, the final arbiter herein, has since announced principles contrary to the State ruling.    See Zerulla v. Supreme Lodge Order of Mutual Protection, 223 Ill. 518, 79 N. E. Rep. 160.

The decisions of the Supreme Court have conclusively established the exclusive operation of the Employers' Liability Act over the subject with which it deals to the exclusion of all State statutes relating thereto.    Chicago, R. I. & P. Ry. Co. v. Devine, 239 U. S. 52, 36 Sup. Ct. Rep. 27.

The Federal Employers' Liability Act is the supreme and paramount law of the land with respect to the liability of interstate carriers by rail for injuries to or the death of employees while engaged in interstate commerce. Flanders v. Georgia S. & F. R. Co., 68 Fla. 479, 67 South. Rep. 68; 1 Fed. Ry. Digest, 19.

Both the Federal Acts and the State statutes above quoted define *the liability* of a railroad company in the cases of negligence covered by the enactments; and in so far as the State law in effect creates a liability by virtue of a presumption of negligence from "damage done," "unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company," the local statute conflicts with the Federal Act in matters of substance affecting liability.    The Federal Act contains no provision creating a rebuttable presumption of negligence that substantially affects the liability of defendant in this class of cases.    It is not a question of whether the statutory presumption denies due process or equal protection of the laws as in Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 31 Sup. Ct. Rep. 136, but whether there is a material conflict between

the local statute and the paramount Federal Act affecting the liability imposed by the Federal Act. See Central Vermont Ry. Co. v. White, 238 U. S. 507, 35 Sup. Ct. Rep. 865. The State statute is not so similar to the Federal Act as to make it immaterial which law is applied (Kansas City Western Ry. Co. v. McAdow, 240 U. S. 51, 36 Sup. Ct. Rep. 51); nor is the difference in the acts a mere rule of evidence or a matter of procedure not affecting the substance of the liability. See Central Vermont Ry. Co. v. White, 238 U. S. 507, 35 Sup. Ct. Rep. 865. The provision in the quoted State statute that is not contained in the Federal Act does not relate to the jurisdiction of the State court, but relates to matters of substance affecting the liability of the defendant, in that under the State statute negligence and consequent liability is presumed from proof of an injury unless overcome by the defendant, whereas under the Federal Act, considered in the light of prior Federal decisions, negligence of the defendant must appear from the evidence. Patton v. Texas & P. Ry. Co., 179 U. S. 658, 21 Sup. Ct. Rep. 275; Louisville & N. R. Co. v. Kemp, 140 Ga. 657, 79 S. E. Rep. 558; Central Vermont Ry. Co. v. White, *supra*. The provision of the State statute does not define the next of kin who are to participate in the recovery as in Seaboard Air Line v. Kenney, 240 U. S. 489, 36 Sup. Ct. Rep. 458. Nor does the State statute regulate the jury to try the action as in Minneapolis & St. Louis R. Co. v. Bombolis, 241 U. S. 211, 36 Sup. Ct. Rep. 595. Rights and obligations under the Federal Employers' Liability Act depend upon that act and applicable principles of common law as interpreted and applied in Federal Courts. In an action under the Federal Employers' Liability Act, negligence by the employer is essential to recovery. Southern Ry. Co. v.

Gray, 241 U. S. 333, 36 Sup. Ct. Rep. 558. As to the burden of proving negligence see Southern Ry. Co. v. Prescott, 240 U. S. 632, text 641, 36 Sup. Ct. Rep. 469. A matter of substance in an action for negligence under the Federal Employers' Liability Act, caused a reversal in Chesapeake & O. Ry. Co. v. De Atley, 241 U. S. 310, 36 Sup. Ct. Rep. 564.

If the doctrine of *res ipsa loquitur* is applicable to this case, such principle when applied to the facts and cir-cumstances of the injury merely called for evidence in explanation or rebuttal, and uncontradicted evidence of the absence of negligence on its part was produced by the defendant. The Supreme Court of the United .States holds that *"res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evi-.dence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. *Res ipsa loquitur,* where it applies, does not convert the defend-ant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff. Sweeney v. Erving, 228 U. S. 233, 33 Sup. Ct. Rep. 416.

Kay v. Metropolitan St. Ry. Co., 163 N. Y. 447, was an action by a passenger against carrier, and the New York Court of Appeals said (p. 453) : "In the case at bar the plaintiff made out her cause of action *prima facie* by the aid of a legal presumption (referring to *res ipsa loquitur*), but when the proof was all in the burden of proof had not shifted, but was still upon the plaintiff.

* * * if the defendant's proof operated to rebut the presumption upon which the plaintiff relied, or if it left the essential fact of negligence in doubt and uncertainty, the party who made that allegation should suffer, and not her adversary. The jury were bound to put the facts and circumstances proved by the defendant into the scale against presumption upon which the plaintiff relied and in determining the weight to be given to the former as against the latter, they were bound to apply the rule that the burden of proof was upon the plaintiff. If, on the whole, the scale did not preponderate in favor of the presumption and against defendant's proof, the plaintiff had not made out her case, since she had failed to meet and overcome the burden of proof." The rule thus declared has since been adhered to in the courts of New York. Hollohan v. Metropolitan St. Ry. Co., 73 N. Y. App. Div. 164, 169; Adams v. Union Ry. Co., 80 N. Y. App. Div. 136, 139; Dean v. Tarrytown & C. R. Co., 113 N. Y. App. Div. 437, 439. A similar view appears to be entertained in New Hampshire. Hart v. Lockwood, 66 N. H. 541; Boston & Maine R. Co. v. Sargent, 72 N. H. 455, 466. The same rule has been followed in a recent series of cases in the North Carolina Supreme Court. Womble v. Grocery Co., 135 N. Car. 474, 481, 485; Stewart v. Carpet Co., 138 N. Car. 60, 66; Lyles v. Carbonating Co., 140 N. Car. 25, 27; Ross v. Cotton Mills, 140 N. Car. 115, 120; 1 L. R. A. (N.S.) 298, 301. In the Stewart case the court said (138 N. Car. 66): "The rule of *res ipsa loquitur* does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in his favor. Whether the defendant introduces evidence or not, the plaintiff in this case will not be entitled a verdict unless he satisfies the jury by the preponderance of the evidence that his injuries were caused by a

defect in the elevator, attributable to the defendant's negligence. The law attaches no special weight, as proof, to the fact of an accident, but simply holds it to be sufficient for the consideration of the jury, even in the absence of any additional evidence." Sweeney v. Erving, 228 U. S. 233, 33 Sup. Ct. Rep. 416.

An interesting discussion of the application of the doctrine of *res ipsa loquitur* appears in Ridge v. Norfolk Southern R. Co., 167 N.C. 510, 83 S. E. Rep. 762, where there was "ample evidence of culpable negligence, apart from the application of the doctrine" of *res ipsa loquitur*. See Cincinnati Traction Co v. Holzencamp, 74 Ohio St. 379, 78 N. E. Rep. 529, 113 Am. St. Rep. 980 and extensive notes. See Great Northern Railway Company v. Wiles, 240 U. S. 444, 36 Sup. Ct. Rep. 406, where the doctrine of *res ipsa loquitur* did not show liability. See also Jacobs v. So. Ry 241 U.S. 229. See also 84 Central Law Journal, 67.

It appears that the decedent was a flagman employed in interstate commerce on a train that was run betweeen Pensacola, Florida, and Flomaton, Alabama, by the defendant railroad company; that the train arrived at Flomaton, Alabama, from Pensacola, Florida, at about 11:40 P. M. on February 8th, 1912; that about twenty minutes thereafter the conductor sent the decedent as flagman "to the yard to see the yard master to find out what time we could get out" of the depot yard on the return trip to Pensacola, Florida. In going to find the yard master the decedent flagman "had to cross the tracks." The decedent "went off in the direction of the yard master." About fifteen minutes, or perhaps a little longer time, after receiving from the conductor the order to see the yard master, the decedent's dead body was found

on track No. 3. As stated by different witnesses "the head was cut off lying across the rails." "The body was lying straight up and down the track, about in the center of the track." A switch engine had passed over this track a few moments before and was standing near when the body was found. The engineer and switchman on the switch engine each testified that he was on the lookout when the switch engine passed over the track where the decedent's body was found and did not see anyone on or at the track and did not know decedent was killed and did not feel the engine run over anything. No blood was found on *the engine.* The engineer was at his post on the right looking out with a bright headlight burning; the fireman was looking out on his side of the engine with a lantern. It seems that no one saw the accident and it is suggested that the evidence indicates that the decedent unobserved by the train crew and perhaps coming from behind may have attempted to board the tender of the engine which was going in the direction where the yard master was, and that in attempting to board the tender, the decedent fell under the tender and was killed without being seen by the engine crew, though the decedent may have had a lighted lantern in his hand at the time he was killed. The switch engine was moving forward and naturally and properly all the crew were doubtless looking forward. If the decedent did not approach the engine and tender within the range of the vision of the crew who should have been looking forward, there was apparently no negligence in not seeing the decedent before the accident if he in fact approached from towards the rear of the engine.

Certainly the defendant by positive evidence made it appear that its servants "exercised all ordinary and reasonable care and diligence" in running the switch engine

at the time when the decedent must have been killed, and there is no evidence tending to show negligence of the defendant's servants.  Therefore even if the State statute is applicable and negligence as alleged was legally presumed from the fact of injury, the defendant has successfully carried the burden which the statute imposes to show non-liability.  See Seaboard Air Line R. Co. v. Thompson, 57 Fla. 155, 48 South. Rep. 750; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318.

Even if the pleas of contributory negligence and of assumed risk were not duly proven, yet on the plea of not guilty, after the fact of injury by the running of the locomotive was shown, the issue under the statute, in the absence of proof of defendant's negligence, was, did the defendant "make it appear that their (its) agents * * * exercised all ordinary and reasonable care and diligence." There being uncontradicted evidence that the defendant was not negligent, and no *evidence* tending to show negligence of the defendant as alleged, there was no basis in the evidence for the charge that, if  * * * *the evidence* "is equally balanced in your minds between the negligence and freedom from negligence on the part of the defendant's servants on said engine, your verdict must be for the plaintiff."  This charge was harmful error under the circumstances.

As the judgment was reversed and as the evidence is not shown to be precisely the same as on the former trial, the holding by the court on the former writ of error that the evidence was sufficient to support the verdict is not the law of the case on this writ of error, particularly in view of the qualified approval of the verdict in the former opinion.  71 So. Rep. 371.

The judgment is reversed.

BROWNE, C. J., TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.