**ALAGOOD et al. v. COCA COLA BOTTLING CO. et al.**

No. 14008.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 12, 1940.

Rehearing Denied Feb. 8, 1940.

W. S. Moore, of Gainesville, for appellants.

Cantey, Hanger, McMahon, McKnight & Johnson and James C. Wilson Jr., all of Fort Worth, for appellees.

SPEER, Justice.

Edith E. Alagood and husband, M. R. Alagood, sued Coca Cola Bottling Company and Crystal Bottling Works, both defendants alleged to be corporations, for damages sustained by. Mrs. Edith E. Alagood when a bottle of. coca cola exploded, while being handled by her, resulting in injuries.

The case is before us for review, and for convenience the parties will carry the same designation as in the trial court.

Plaintiffs' petition shows that they were engaged in a grocery and cold drink business in the City of Gainesville, Texas, and that they had purchased bottled coca cola from defendant, Crystal Bottling Works, shortly previous to the accident complained of; that the two named defendants were jointly engaged in the business of selling the coca cola to plaintiffs; that on October 8, 1937, Mrs. Alagood was handling one of the bottles in the ordinary and customary manner when it exploded and a piece of the glass bottle struck her jaw and neck, cutting her neck severely and bruising her jaw, to such an extent that she was caused to lose three teeth.

The acts of negligence of defendants, causing the injuries, were alleged to consist of, (a) the use by defendants of bottles containing the beverage which were defectively constructed, and (b) the contents of the bottle was so highly charged with gases and other substances to cause it to explode, proximately causing the injuries complained of. There was an alternative plea to the effect that if plaintiffs be mistaken in their allegations of specific negligence on the part of defendants, then that all the facts and circumstances which caused the bottle to explode were within the peculiar knowledge of defendants and that it would not have exploded except for some act of negligence

on the part of defendants, the exact nature of which plaintiffs did not know.

Defendants answered by general demurrer and special exceptions, all of which were overruled, and by general denial.

At the conclusion of the testimony, upon motion of Coca Cola Bottling Company, the court gave an instructed verdict in its favor. There was no testimony tending to connect that defendant with plaintiffs' suit, and no complaint is made of the action of the court in this respect.

The case was submitted to a jury on special issues. The verdict was favorable to the remaining defendant. To issue No. One, the jury found that the bottle which exploded was not defectively constructed. Number Four: the bottle had not been charged with an excessive amount of expansive gas when filled at defendant's plant. Number Seven: the injuries sustained by Mrs. Alagood were the result of an unavoidable accident. Number Eight: Mrs. Alagood sustained damages in the sum of $1,700. Number Nine: Mrs. Alagood was not guilty of contributory negligence.

The trial court entered judgment on the verdict against plaintiffs and in favor of the defendant, Crystal Bottling Works. Plaintiffs perfected an appeal by writ of error.

There are seventeen assignments of error and even more propositions in plaintiffs' briefs. Many are virtual repetitions of others, and are so intimately related that counsel has briefed and discussed them together. We shall so treat them, as far as possible.

Propositions one to ten, inclusive, may be summarized as, (a) the court erred in submitting issues one and four because they were immaterial; (b) it was error to submit Special Issue No. Seven (unavoidable accident) because there were no pleadings or evidence to support it; and (c) the court erred in entering judgment for defendant on the verdict because of the immateriality of the issues mentioned and a lack of pleading and evidence to support number seven. The substance of the remaining propositions is: Since plaintiffs' allegations of defendants' negligence in using defective bottles and overcharging them with expansive gas were surplusage, and since the evidence showed that defendants had the exclusive control of the bottles and their contents, that the bottle exploded, injuring Mrs. Alagood, she suffered damages, that she was guilty of no contributory negligence and the

defendants offered no testimony tending to show the cause of the explosion, the doctrine of res ipsa loquitur applied and the court should have entered judgment for plaintiffs for $1,700, the amount of damages found by the jury to have been sustained.

■ Plaintiffs alleged in their petition that defendants were negligent in the procurement and use of defectively constructed bottles and in overcharging the bottles with liquid gas while manufacturing the beverage sold. Plaintiffs attempted to prove both of these allegations. Some circumstances were in evidence, which, if believed by the jury, would have supported a verdict under the allegations. The defendants offered testimony which tended to contradict that of plaintiffs. In the very nature of the facts and circumstances surrounding the unfortunate incident, neither party could establish by irrefutable evidence their side of the controversy. By Article 2190, Vernon's Tex.Civ.St., it is provided that when a case is submitted to the jury on special issues, the court shall submit all issues made by the pleadings and evidence. Where, as in this case, the evidence is conflicting, it must be considered sufficient to support the verdict, if to discard all adverse testimony, and giving credit to all evidence that is favorable to the successful party, and indulging every legitimate conclusion that is favorable to him, a jury might have found in his favor. 17 Texas Jur., page 910, sect. 410, and cases there cited. The jury answered the issues on the specific acts of negligence plead, in favor of the defendants. There being evidence of probative force to support the findings the appellate court may not set it aside and substitute its own judgment for that of the jury. 41 Texas Jur. page 1246, sect. 378, and cases cited. See, also, Sproles Motor Freight Lines v. Juge, Tex.Civ.App., 123 S.W.2d 919, writ dismissed, judgment correct; Oats v. Dublin National Bank, 127 Tex. 2, 90 S.W.2d 824, and authorities cited.

■ The plaintiffs having plead certain acts of negligence by defendants and attempted to recover thereon, the trial court was not in error when he submitted those issues to the jury and placed the burden upon plaintiffs to establish them by a preponderance of the evidence. In Houston & T. C. Ry. Co. v. Stevenson, Tex.Com. App., 29 S.W.2d 995, at page 999, the court used this language: "When plaintiff pleads and relies for recovery upon specific acts

of negligence on the part of the defendant, and the case is submitted to the jury upon special issues, it is proper to instruct the jury as to those acts of negligence so charged and relied upon that the burden [of proof] is upon the plaintiff to establish them by a preponderance of the evidence." This principle was cited with approval in Gulf Production Co. v. Adams, Tex.Civ. App., 49 S.W.2d 889, writ refused.

■ Under this group of assignments, plaintiffs contend that it was error for the court to submit "unavoidable accident" by Special Issue Seven, because there were no pleadings or evidence to support it. No necessity existed for a pleading to raise the question, the general denial by defendants put the point in issue. Rosenthal Dry Goods Co. v. Hillebrandt, Tex.Com.App., 7 S.W. 2d 521; Greer v. Thaman, Tex.Com.App., 55 S.W.2d 519, 520. In the last cited case, unavoidable accident was plead by defendant, but the court said: "Of course, it was not necessary to * * * plead unavoidable accident as a defense. That defense is always available under a general denial, if the evidence raises it."

■■ The trial court explained in his charge that, "An unavoidable accident is one which cannot be foreseen or prevented by the exercise of ordinary care and is one which occurs without fault or negligence on the part of either the plaintiff or the defendant." The jury found that the defendants were not negligent and that plaintiffs had not contributed to the injury by their negligence. There was substantial testimony to support both findings. The bottle unquestionably exploded and injured Mrs. Alagood. If the jury's findings of fact are to be recognized, then the explosion was an accident arising from some source other than the negligence of either party, and this condition presents what is commonly known as an "unavoidable accident." We are not confronted with a proposition where a jury had found that one of the parties was guilty of negligence proximately causing the injury and in the same verdict find that the injuries sustained were the result of an unavoidable accident. In Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984, at page 985, the court said: "In a suit of this character, where the jury has found the injuries inflicted were the result of unavoidable accident, the question of negligence passes out of the case." We see no error in the assignments, and they must be overruled.

Under the second group of assignments above shown, plaintiffs contend that the acts of negligence alleged by them against defendants should have been disregarded by the court, and that judgment should have been entered for plaintiffs upon their alternative plea under the rule of res ipsa loquitur.

Plaintiffs proved that they purchased the bottle of coca cola which exploded and caused their injuries, from defendant, Crystal Bottling Works; that a case containing the bottle was left by one of defendant's deliverymen at plaintiffs' place of business; they thereafter were in the act of placing the bottles in a refrigerator, and while the wife was carrying the bottles, one in each hand, from the case to the refrigerator, one of them, without fault on her part, exploded, causing her injuries. They also offered testimony tending to show that when the bottles are filled with carbonic liquid gas, such as that used in the manufacture of coca cola, that if the bottle is defectively constructed or if an excessive amount of the gas pressure is put into the bottle, either as a result of defective testing machinery or the negligence of an employee, it may result in blowing the crown or cap from the bottle or an explosion of the bottle. We have been unable to find in the record any testimony which would produce the casualty other than one of those specifically plead by plaintiffs. As above stated, these issues were submitted to the jury and found against plaintiffs' contention.

Testimony offered by defendant shows that it purchased the bottle in controversy from one or the other of two bottle manufacturing concerns not involved in the suit; that both manufacturers from which it purchased bottles were reliable and manufactured standard bottles, suitable in every way for containing coca cola when placed on the market; that the precautions used by defendant in manufacturing coca cola and placing it in the bottles consisted largely of an inspection of the bottle before it was filled to ascertain if it was defective; the liquid was mixed and placed in the bottle and capped or crowned by machinery; a testing machine was used which registered the pressure in each bottle; approximately thirty-five pounds pressure was contained in each; gauges and machinery were inspected each day by competent employees, to see that all were functioning properly; that no bottles were permitted to leave defendant's plant any time shortly before

the date of plaintiff's injury, in a defective condition or which had not by test been shown to have the usual and customary gas pressure; the means used by defendant to safely manufacture coca cola and put it on the market was in all respects like those used by similar plants in other parts of the country; again after the bottle is filled they are placed upon an inspection box containing two strong electric lights and viewed by the inspector. It was further shown by the testimony of a witness who had many years of experience in handling and selling bottling equipment that the defendant's plant contained modern equipment, suitable for the business and similar to that used in other plants throughout the country; that the manufacturers from whom defendant purchased bottles were reliable, competent and standard concerns in their line; that bottles are manufactured by such companies to withstand the minimum pressure of three hundred pounds before breaking, and that witness had seen many hundred of them tested, some withstood seven hundred pounds of pressure; that standard bottles like those used by defendant were such that the metal caps or crowns thereon would blow off by reason of the gas pressure at approximately ninety to one hundred pounds; the bottle which exploded did not have the crown blown from it. The expert witness further testified that in his judgment it would be impossible for coca cola containing thirty-five pounds pressure to explode a standard made bottle; that after the liquid is placed in the bottle, heat and cold conditions will cause the pressure to fluctuate and in some instances to rise from the recognized standard pressure of thirty-five pounds to fifty pounds; that a bottle containing normal pressure, if struck against a solid object or dropped to the floor, would possibly break or explode.

Plaintiffs' contention seems to be that since the bottle did explode and cause the injuries complained of, if not from one of the causes specifically plead, then under their alternative plea, that it was from some other cause or kind of negligent act or omission of defendant, the nature of which they did not know, but was within the knowledge of defendant, constituted a sufficient allegation to require the application of the rule of res ipsa loquitur. The alternative allegation was proper and was tantamount to a pleading of some other negligent act by defendant, not previously specifically plead. Under our system of procedure, plaintiffs had a right to plead more than one ground of negligence which they claim produced their injuries. 33 Tex.Jur., page 461, sect. 43. It is true that defendants specially excepted to the manner in which it was plead, but the action of the court in overruling the exception is not before us.

The application of the rule of res ipsa loquitur contended for by plaintiffs, would not entitle them to a judgment upon the answer of Special Issue No. Eight alone, wherein it was found that Mrs. Alagood had sustained damages in the sum of $1,700. Plaintiffs' action is based upon the negligence of defendants, and none was found against them. The alleged specific acts of negligence plead were found not to exist. They being eliminated, plaintiffs were dependent upon a finding that some other negligent act was committed, which could be embraced within their alternative allegation. This was the only remaining ground upon which they could recover. Their testimony was sufficient to raise an issue, and the rebuttal testimony offered by defendants presented a question for jury determination. The court did not submit an issue on the point, nor did plaintiffs object to the charge because none was submitted. It was the duty of plaintiffs to prepare a charge and request its submission if they desired that question determined. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183. In the absence of such requested issue, the point was waived by plaintiffs. Article 2190, Vernon's Tex.Civ.St.; Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084.

Courts in other jurisdictions have many times discussed the rule applicable to res ipsa loquitur. The expression is said to mean that "the act speaks for itself." It is a rule of evidence, dependent upon surrounding circumstances, when conditions are such that positive evidence is not obtainable. When such circumstantial evidence is thus produced, it raises a presumption of negligence by the defendant; this presumption is not conclusive, but is always subject to rebuttal. When rebuttal evidence is produced by a defendant, a jury question arises to determine if negligence has been proven by a preponderance of the evidence. Wright v. Elkhorn Consolidation Coal & Coke Co., 182 Ky. 423, 206 S. W. 634; Carter Oil Co. v. Independent Torpedo Co., 107 Okl. 209, 232 P. 419;

Louisville & N. R. Co. v. Rhoda, 73 Fla. 12, 74 So. 19; Myers v. City of Independence, Mo., 189 S.W. 816.

The rule in this state is laid down by the Commission of Appeals, speaking through Judge Sharp, in Gulf, C. & S. F. Ry. Co. v. Dunman et al., Tex.Com.App., 27 S.W.2d 116, 72 A.L.R 90, wherein the comprehensive language of the U. S. Supreme Court, in Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, is quoted as follows [27 S.W.2d 118, 72 A. L.R. 90]: " 'In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff. Such, we think, is the view generally taken of the matter in well-considered judicial opinions.' "

If to indulge the presumption in this case, that the nature of the accident and the manner in which the injuries were sustained, were such as to furnish circumstantial evidence that they resulted from a negligent act of the defendant, then we must consider the evidence adduced by the defendant, whereby it sought to show the means employed in the manufacture of the beverage and to place it on the market in rebuttal to the circumstances proven by plaintiff. The defensive testimony was amply sufficient to make a jury question of defendant's negligence; this being true, plaintiffs were not entitled to a judgment simply because the jury had found that the wife had suffered damages in a given sum. The finding by the jury of the extent of plaintiff's injuries is no finding at all of negligence by defendant; she might have sustained such injuries irrespective of defendant's negligence.

We have some doubt that the rule of res ipsa loquitur finds any application to this case. It requires a very liberal construction of the principle involved in that expression to bring this case within the rule. From the evidence it is indisputably true that defendant chose the bottles in which to place its manufactured beverage and to thus sell it to the plaintiffs, who were dealers and expected to resell to consuming customers. That after plaintiffs received the bottle of coca cola from defendant's deliveryman, it sat on the floor of the store for a period of time not shown, and when plaintiffs attempted to place it in the refrigerator, it exploded and injured Mrs. Alagood. From this it will be seen that the offending object, which inflicted the injury, was not in the possession or control of defendant at the time of the casualty. How long it had been in the complete custody and control of plaintiffs, and what, if anything, had happened to the bottle while in plaintiffs' possession, does not appear in the evidence.

In Davis v. Castile, Tex.Com.App., 257 S.W. 870, 872, the court said:

"The rule of res ipsa loquitur has no application, where the thing causing the accident was not under the exclusive management of the master [the defendant in this case], but was partially under that of the injured party. * * *

"Again, where the evidence shows that the accident may have happened as the result of one of two or more causes, and it is not more reasonably probable that it was due to the negligence of the defendant than to any other cause, the rule of res ipsa loquitur does not apply."

The same rule is announced and applied in the case of Brigman v. Holt & Bowers, Tex.Civ.App., 32 S.W.2d 220, writ refused.

In Carter Oil Co. v. Independent Torpedo Co., 107 Okl. 209, 232 P. 419, it was held that before the rule of res ipsa loquitur could be applied, the evidence must show that the thing causing the accident was under the control of the defendant at the time of the accident.

In Slater v. Barnes, 241 N.Y. 284, 149 N.E. 859, it was held that the rule of res ipsa loquitur is predicated on the theory that the agency producing the injury was within the exclusive possession, control and oversight of the person charged with negligence.

For the reasons shown, we hold that Special Issues one, four and seven were properly submitted; that the court did not err in refusing to enter judgment for plaintiffs on their alternative plea under the rule of res ipsa loquitur, but that under

the verdict of the jury, defendant was entitled to the judgment rendered. We have carefully examined all assignments of error and the propositions made by counsel thereunder; having found no reversible error presented, they are all overruled and the judgment of the trial court is affirmed.