**JAX BEER CO., Inc., v. SCHAEFFER.**

No. 4274.

Court of Civil Appeals of Texas. El Paso, Texas.

April 1, 1943.

Rehearing Denied April 22, 1943.

W. B. Handley, of Dallas, for appellant.

J. Manuel Hoppenstein, and Leake, Henry, Young & Golden, all of Dallas, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of one of the District Courts exercising jurisdiction in Dallas County. Plaintiff, L. A. Schaeffer, sued defendant, Jax Beer Company, Inc., to recover damages for personal injuries. The trial was before the court with a jury, submission on special issues. On the verdict, judgment was rendered in favor of plaintiff in the sum of $3,000. Jax Beer Company, Inc. appeals.

The parties will be herein designated as they were in the trial court.

Plaintiff pleaded that he was employed as a waiter in a retail food establishment, where beer was also sold; that while engaged in the course of his employment putting bottled beer in a cooling container, one of the bottles exploded inflicting serious bodily injury upon him. The brand of the bottled beer so exploding was Jax. This beer had been sold to his employer by defendant, who was a wholesaler of that brand of beer. A defective condition of the bottle was alleged, negligence of the defendant in connection therewith, coupled with appropriate allegations as to proximate cause and damage.

Paragraph six of plaintiff's trial petition we reproduce: "6. That the bottle in question was the property of the defendant and that in selling the Jax Beer to the retailer where plaintiff was employed, retained title to said bottle, obtaining a deposit only from the retailer and that the said defendant, in putting on the market the said Jax Beer in the bottle in question by selling the same to the retailer to be handled by employees, and particularly this plaintiff, implied a warranty not only to the retailer but to the employees of the retailer that the bottle was in good condition, not defective and not subject to defects that would permit the same to explode and that on the date above alleged the said bottle of the defendant was actually not free from defects but was defective, in that one side was thick and the other thin, and that such bottle in such condition, containing the fermented malt beverage known as Jax Beer, was dangerous and injurious to the plaintiff, and plaintiff would show that as a direct result

of the breach of said implied warranty that the bottle was not free from defects and that he sustained the physical injuries, pain, suffering and damages hereinafter alleged and set forth."

Defendant answered by general denial and sundry pleas of contributory negligence.

The verdict found that the beer bottle exploded as alleged, that the bottle was defective at the time it was sold to plaintiff's employer; acquitted defendant of all grounds of negligence submitted; found that the beer in the bottle at the time it was sold was not too highly fermented.

Special Issue No. 10, and the jury's finding thereon were as follows: "Do you find from a preponderance of the evidence that in selling to plaintiff's employer the bottle of beer involved herein the plaintiff made an implied warranty, as that term is herein defined, to plaintiff's employer and to plaintiff, that the bottle in which said beer was contained was in good condition, not defective and not subject to defects that would permit the same to explode?"

Answer: "Yes."

Defendant was not the manufacturer of the beer but had bought same from a brewing company engaged in business in New Orleans.

Defendant, after the return of the verdict and its acceptance by the court, filed motion for judgment, assailing the finding of the jury as to Special Issue No. 10. Due notice of the hearing was given to plaintiff. The court denied defendant's motion, and entered judgment for plaintiff on the verdict. Defendant in due time filed motion for new trial, and same was overruled by the court.

Defendant urges six points of error, all asserting that the judgment should have been rendered by the court in its favor instead of plaintiff's.

This judgment is based alone on the finding of an implied warranty on the part of the defendant, a breach thereof, and damage resulting.

■ That there is an implied warranty to the consumer on the part of the manufacturer or processor of food or beverage sold to a dealer for sale and sold by the dealer to the consumer, that such goods are fit for human consumption, is now authoritatively established. Jacob E. Decker & Sons, Inc., v. Capps, 139 Tex. 609, 164 S.W. 2d 828, 142 A.L.R. 1479.

That such implied warranty exists in favor of the consumer as against the retailer, is likewise authoritatively established. Walker v. Great Atlantic & Pacific Tea Co., 131 Tex. 57, 112 S.W.2d 170; Griggs Canning Co. et al. v. Josey, 139 Tex. 623, 164 S.W.2d 835, 142 A.L.R. 1424.

■ From the above cited authorities, considered as a whole, we think this proposition is fairly deducible therefrom: One warranting the existence of a fact or condition is legally responsible for the consequences of its nonexistence. The warrantor, in other words, is an insurer within the scope of his warranty. This legal responsibility extends to all protected by such warranty.

If these decisions are applicable here, they sustain the judgment of the trial court.

In each of the cases above cited the freedom from negligence of the manufacturer was not considered a factor in determining liability; the freedom from negligence of the dealer, likewise, was not material to the determination of liability. Here, the wholesaler was free from negligence; here, as there, the goods were articles intended for human consumption as a food or beverage. There, there was a sale to the consumer and damages to him as a result of the consumption of the articles as food. Here, there was no sale to the ultimate consumer, but only to the retailer, and the damage did not result as a consequence of the consumption of the goods as a beverage, but from a defect in the container. The injury here was not at a time the goods were handled directly for consumption by a purchaser, but when they were being handled for the purpose of future sale by an employee of the dealer.

A further distinction exists between this case and the Decker case, in that, here, a wholesale dealer is sought to be held liable, and not the processor or manufacturer of the beverage. This may not be a material distinction.

If the non-negligent manufacturer is liable to a purchaser from the retail dealer, it might be plausibly asserted that a wholesaler should be likewise held liable to a purchaser from the retail dealer. This distinction, however, was held of some importance in the case of Degouveia v. H. D. Lee Merc. Co. et al., 231 Mo.App. 447, 100 S.W. 2d 336.

We think there is a real and material distinction between this case and the case of

Decker & Sons v. Capps, supra, even though a warranty of wholesomeness and fitness for consumption extended to and protected the plaintiff here. In the Decker case the act complained of came clearly within the scope of the warrant of fitness for human consumption. Here, in our opinion, they are not within the scope of a warranty of fitness of the beer for human consumption. If such a warranty is to be imposed on the ground of public policy to protect health in favor of one not in privity with the manufacturer or processor, a broad and liberal construction of the warranty for that purpose should be given. The presence of foreign matter in food which does not incorporate itself by solution or amalgamation therewith has been held to be a breach of this implied warranty. Burkhardt v. Armour & Co., 115 Conn. 249, 161 A. 385, 90 A.L.R. 1260.

Suppose, by way of illustration, an importer sells bananas to a retailer, and in the packing of one of the packages is a venomous snake or insect which bites an employee. Could the importer be held liable on the implied warranty that the goods were fit for human consumption to the employee of the retailer? The question answers itself, we think.

In 4 A.L.R., 1094, there is an exhaustive note on liability for injuries by breaking or bursting of containers in which goods are sold. In all, or at least nearly all, the cases cited therein the foundation of the liability of the manufacturer or wholesaler to the employee of the retailer is based upon negligence alone. In Texas we have been able to find two cases on the question of the explosion of food containers: Alagood v. Coca Cola Bottling Co., Tex.Civ.App., 135 S.W.2d 1056, and Benkendorfer et al. v. Garrett, Tex.Civ.App., 143 S.W.2d 1020. In each of these cases the action was based solely on the theory of negligence. In the first case, the action was between the retailer and the manufacturer for injury to the retailer's wife. In the second, the plaintiff was the retail dealer. It is true, that in neither of these Texas cases was the question of an implied warranty discussed.

■ In the instant case, it is not pleaded that by reason of the defective condition of the bottle that the beer was rendered unfit for beverage purposes. Plaintiff was not injured by the use of the beer as a beverage. It is our deliberate opinion that there was no implied warranty on the part of the defendant that the bottle in which the beer sold was contained was not defective and not subject to defects that would permit the same to explode. In short, that the liability of defendant to plaintiff depended on the issue of negligence. The issue of negligence having been found against the plaintiff, as a matter of law, the judgment should have been in favor of the defendant.

■ In view of the fact that we have heretofore copied the special issue relating to implied warranty, we desire to say that we do not approve the form of same as submitting that issue. It is our idea that the ultimate issue in a proper case is as to the existence of the facts from which the warranty is implied.

It is ordered that the judgment entered in favor of the plaintiff be reversed and judgment is here rendered in favor of the defendant.