## ANHEUSER–BUSCH, Inc., v. BUTLER et al.

### No. 5616.

Court of Civil Appeals of Texas. Amarillo.

May 22, 1944.

Nagel, Kirby, Orrick & Shepley and Hord W. Hardin, all of St. Louis, Mo., and McAlister & Tucker, of Nacogdoches, for appellant.

Vernis Fulmer, of Nacogdoches, for appellees.

HEARE, Justice.

Mrs. Bernice Butler and her husband, Carl Butler, appellees herein, sued Anheuser-Busch, Inc., appellant, for damages arising out of the explosion of a bottle of beer, whereby Mrs. Butler sustained personal injuries, and medical expense was incurred by the appellees. The record reveals that on August 27, 1942, appellees purchased six bottles of Budweiser beer at a tavern near Humble, Texas, drank two of the bottles while sitting in their car at the tavern, and placed the remaining four bottles, packed in ice, back of the car seat. They then drove to Nacogdoches, a distance of approximately 90 miles, and went to their home. The beer was taken in the kitchen and when Mrs. Butler was in the act of lifting the cap from one of the bottles of beer, an explosion occurred and she suffered personal injuries. There was proof of the nature and extent of the injuries and the amount of medical expense but, in our disposition of the case, this becomes immaterial.

The appellees grounded their suit on allegations of negligence and implied warranty. The acts of negligence charged against the appellant were: (1) filling the bottle with a substance unsafe for use by human beings as a drink; (2) allowing a foreign substance to find its way into the bottle of beer; (3) failing to inspect the bottle properly before filling it and failing to cap and inspect the bottle properly after filling it; (4) filling the bottle too full and not leaving sufficient space for expansion of the liquid therein; and (5) failing to fill and cap the bottle properly so that it would be safe and harmless for the potential consumers. The appellant was further charged with liability for damages resulting from the explosion on the ground that it manufactured the beer and placed it in regular channels of commerce with the intention that it would ultimately be consumed exclusively by human beings as a food and drink and, therefore, as a matter of public policy, there was an implied warranty imposed upon the appellant, inuring to the benefit of the ultimate consumer, that the beer was wholesome and "to be without danger upon opening and drinking the same or attempting to drink the same."

The appellant answered with pleas of general denial and contributory negligence on the part of the appellees. In the trial

court the appellees, in effect, abandoned the theory of negligence as a basis for recovery and presented the case on the theory of implied warranty. The court submitted special issues covering their theory of the case and also, over the objection of the appellees, submitted the issues of contributory negligence and the following \Special Issue No. 5: "Do you find from a preponderance of the evidence that the drink was prepared, bottled or capped in such a manner as to be unfit and unsafe to handle in the ordinary manner and by the usual means 'for human consumption when delivered to plaintiffs?" The jury answered all issues except Special Issue No. 5 favorably to the plaintiffs and gave a negative answer to Special Issue No. 5. The trial court overruled the appellant's motion for judgment and granted the motion of the appellees to disregard the jury's answer to Special Issue No. 5 and to render judgment in favor of the appellees for the sum of $750, which was the amount of damages determined by the jury.

The appeal presents two questions: First, are the appellees entitled to recover from the appellant on the theory of implied warranty; and, secondly, if they are not thus entitled, should the judgment be reversed and rendered, or should the case be remanded for a new trial on the theory of negligence.

■ The first question is, in principle, identical with that involved in the recent case of Jax Beer Co., Inc., v. Schaeffer, 173 S.W.2d 285, 287, decided by the El Paso Court of Civil Appeals. In that case a waiter in a retail food establishment, where beer was also sold, sustained injuries from the explosion of a bottle of beer which he was putting in a cooling container. He sued the wholesale distributor of that brand of beer, who had sold the bottle of beer in question to his employer, alleging negligence and also relying on an implied warranty that the bottle was in good condition and not subject to defects that would permit it to explode. The defendant was acquitted of negligence by the jury but judgment was rendered against the defendant on the basis of implied warranty. The Court of Civil Appeals reversed the case and rendered judgment in favor of the defendant, saying: "It is our deliberate opinion that there was no implied warranty on the part of the defendant that the bottle in which the beer sold was contained was not defective and

was not subject to defects that would permit the same to explode. In short, that the liability of defendant to plaintiff depended on the issue of negligence."

The appellees seek to draw a distinction between the Schaeffer case and the case at bar because in the Schaeffer case a wholesale distributor was the defendant, whereas the appellees here have sued the manufacturer of the beer. If they were entitled to recover on the theory of implied warranty, then, according to the authorities, it would be immaterial whether the defendant is the wholesaler or the manufacturer. Griggs Canning Co. v. Josey, 139 Tex. 623, 164 S.W.2d 835, 142 A.L.R. 1424; Walker v. Great Atlantic & Pacific Tea Co., 131 Tex. 57, 112 S.W.2d 170. In the light of the authorities, we are unable to recognize any distinction between the two cases on that point.

The appellees seek to sustain the judgment in their favor under the decision of our Supreme Court in the case of Jacob E. Decker & Sons, Inc., v. Capps, 139 Tex. 609, 164 S.W.2d 828, 829, 142 A.L.R. 1479. The distinction between that case and the case at bar is clear. In the Decker case the question before the court was "whether a nonnegligent manufacturer, who processes and sells contaminated food to a retailer for resale for human consumption, is liable to the consumer for the injuries sustained by him *as a result of eating such food.*" (Emphasis ours.) In the case at bar there was no injury sustained as a result of eating or drinking unwholesome food or drink. For aught we know, the beer may have been as harmless as beer can be. The fact that the glass bottle containing the beer might have been defective or improperly filled, or improperly capped, would not necessarily change the fitness of the beer for human consumption. A container might be as defective, and therefore dangerous, if it contained a nonedible substance as if it contained beer or any carbonated beverage. We have been cited to no authority, and have found none, where, under the rule of implied warranty, manufacturers have been liable for damages arising out of defective containers of food where the injury inflicted was not caused by the consumption of the food. The reasoning against such application of the rule is clear. The container is not intended to be taken internally by the consumer. The food is the article that is

to be consumed by human beings and, as pointed out by Chief Justice Alexander in the Decker case, supra, liability for unwholesomeness of the food is imposed on the manufacturer thereof as a matter of public policy. While plausible argument might be advanced that it would be good public policy to imply a warranty of food containers against defects, yet we are of the opinion that, in the absence of express contract, liability for defects in containers where no food is consumed must be founded on negligence. This answers the first question involved.

In presenting their case, the appellees declined to rely on negligence as a basis for liability. Although they pleaded negligence, yet they requested no issues thereon and objected to the giving of Special Issue No. 5, and also objected to the submission of issues of contributory negligence, assigning as their reason for such objections that the answers thereto could not affect the judgment to be rendered. In their brief before this Court, they have stated that "negligence is not the basis of this action." They do pray, however, that in event the case is reversed, it be remanded for a new trial rather than rendered. As a matter of justice, we might find it necessary and proper to remand rather than render, in order that the case might be presented on the basis of negligence, but we are confronted with the jury's answer to Special Issue No. 5. The matter of negligence was not fully submitted to the jury in that the jury was not asked whether the matters inquired about in Special Issue No. 5 constituted negligence and were a proximate cause of the injuries. But, in the state of the record, that is immaterial because the jury answered Special Issue No. 5 in the negative. We are not approving the form of the issue as submitted, but we are of the opinion that the jury's answer thereto acquits the appellant of negligence pertinent to the case. The appellees make no complaint in this Court concerning Special Issue No. 5 or concerning the manner and form in which it was submitted. It is, therefore, our considered opinion that they have had their day in court, even on the issue of negligence.

The appellant having been acquitted of negligence, and there being no basis for liability of the appellant to the appellees on an implied warranty, we find it our duty to reverse the judgment of the trial court and render the same in favor of the appellant.

The judgment is therefore reversed and rendered in favor of the appellant.