[Civ. No. 12449. First Dist., Div. One. Aug. 2, 1943.]

HENRIETTA LEPLAT, Appellant, v. RALEY WILES, Respondent.

Philander B. Beadle and Samuel Vartan for Appellant.

John J. Taheny for Respondent.

PETERS, P. J.—Defendant Wiles moves to dismiss an appeal by plaintiff from an order denying her motion for judgment notwithstanding the verdict. The motion is on the ground that the appeal was taken too late. The facts are as follows:

Plaintiff brought an action for damages for personal injuries received by her when struck by an automobile driven by one Rosati. Wiles was joined as a defendant on the allegation that he permitted Rosati to drive the car. The jury, on March 10, 1942, returned a verdict against Rosati, but in favor of Wiles. Thereafter, the following occurred:

*March 10, 1942*—plaintiff moved for judgment against Wiles notwithstanding the verdict, reserving the right to move for a new trial if the motion were denied. The order denying the motion was entered the same day.

*March 12, 1942*—judgment entered.

*March 16, 1942*—plaintiff filed a notice of motion for a new trial against Wiles.

*April 21, 1942*—motion for a new trial granted as to Wiles.

*May 15, 1942*—plaintiff filed her notice of appeal from the order denying her motion for judgment notwithstanding the verdict. It is this appeal defendant seeks to dismiss.

*May 21, 1942*—defendant appealed from the order granting the new trial.

Section 963, subdivision 2, of the Code of Civil Procedure specifically includes an order "denying a motion for judgment notwithstanding the verdict" in cases where a jury trial is a matter of right, among the appealable orders. Section 939 of the Code of Civil Procedure provides that: "An appeal may be taken from any . . . order . . . from which

an appeal lies under any provision of this code, . . . within sixty days from the entry of said . . . order." The time limit thus fixed is jurisdictional.

Defendant urges that, inasmuch as the order here appealed from was entered March 10th and the appeal was not taken until May 15th, more than sixty days thereafter, the appeal must be dismissed. Although plaintiff filed no written opposition to the motion as required by the rules, at the hearing he urged that under section 629 of the Code of Civil Procedure his time for appeal was extended by implication until after the determination of the motion for a new trial. Section 629 provides that a motion for judgment notwithstanding the verdict must be made before entry of judgment, and may be made, as it was in the instant case, in the alternative, reserving to the moving party the right to move for a new trial if the motion is denied. The section further provides that in such a case the trial court on the motion for a new trial, or the appellate court on appeal from the judgment or order denying the motion for judgment notwithstanding, may order judgment notwithstanding the verdict to be entered, "where a new trial was denied." But "where a new trial is granted . . . the order denying the motion for judgment notwithstanding the verdict shall not be reviewed on appeal, unless the adverse party appeal from the order granting a new trial, in which case the order denying judgment notwithstanding the verdict may be reviewed on appeal."

Plaintiff argues that if she must appeal within sixty days from the entry of the order denying her motion for judgment notwithstanding the verdict, she will be appealing during a period in which the trial court on the motion for a new trial still retains jurisdiction to grant the same relief sought by the appeal. She also points out that if she be required to appeal during the sixty days after entry of the order denying her motion for judgment notwithstanding the verdict, that appeal may be defeated if the trial court should grant her motion for a new trial, and if the adverse party should fail to appeal from that order. There can be no doubt that these results will follow if defendant is correct in his contentions. If there were any room for interpretation the results flowing from defendant's interpretation would be a reasonable ground for refusing to reach the result desired by him. But there is no room for interpretation. Section 939 provides that the appeal must be filed within sixty days "from the entry" of the order. No exceptions are there set forth.

It is that section that deals with the time within which appeals must be taken from orders. Section 629 does not purport to deal with the time within which an appeal from an order must be taken. To hold that section 629 extends, by implication, the period as set forth in section 939 would not be to interpret, but to legislate.

It is true that this conclusion creates a most anomalous and confusing situation. Normally, an appeal vests jurisdiction in the appellate court. But in the situation under discussion a party is required to appeal during a period in which the trial court retains jurisdiction on the motion for a new trial to grant the identical relief sought by the appeal. Moreover, if an appeal from the order denying the motion for judgment notwithstanding the verdict is seasonably filed it may be defeated by the trial court granting the motion for a new trial and the other party failing to appeal from that order. The other side has sixty days from the date of entry of the order granting the new trial to appeal. Until that time expires the party appealing from the order denying his motion for a judgment notwithstanding the verdict cannot possibly know whether he can have his appeal from that order heard by the appellate court, but is compelled to appeal therefrom many days before that date. Thus, a party is required to appeal before the order from which he appeals is final. ■ However, absolute finality of a judgment or order is not an indispensable requirement of appealability. Whether an order or judgment is appealable, and at what stage of the proceedings the order or judgment becomes appealable, are matters of legislative determination. The Legislature having spoken, and there being no room for interpretation, the appellate courts, through the guise of interpretation, should not attempt to amend the statute by judicial mandate. The clarification required must come through the legislative and not through the judicial process.

It will be noted that defendant has appealed from the order granting the motion for a new trial. That appeal is now pending. At this time we express no opinion on the question as to whether, in view of the last sentence of section 629 above quoted, the validity of the order denying the motion for judgment notwithstanding the verdict may be passed upon on that appeal.

The appeal from the order denying the motion for judgment notwithstanding the verdict is dismissed.

Knight, J., and Ward, J., concurred.