

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

September 19, 1951

Mrs. B. B. Sapp, Director
Teacher Retirement System of Texas
Tribune Building
Austin, Texas

Opinion No. V-1288

Re: Availability to the Teacher
Retirement System of any
appropriation from which
the cost of actuarial serv-
ices may be paid during the
present biennium.

Dear Mrs. Sapp:

Your request for an opinion concerns the authority of the Board of Trustees of the Teacher Retirement System to pay for actuarial services out of funds appropriated to the Teacher Retirement System in House Bill 426, Acts 52nd Leg., 1951, ch. 499, p. 1228, at p. 1424.

In the appropriation for the Teacher Retirement System, there appear the following items of appropriation:

| | "For the Years Ending | |
|---|---|---|
| | August 31, 1952 | August 31, 1953 |
| " . . . | | |
| "21. Medical Board, Secretary to Medical Board, Medical Examination, Seasonal Help and Senate Bill 333, Acts of the 52nd [51st] Legislature, Regular Session | 18,580.00 | 18,580.00 |
| Total . . . . . . . . . | $102,616.00 | $102,616.00 |

"22.  Rental on equipment,
bond premiums, post-
age, equipment, furn-
iture, travel expense,
telephone, telegraph,
freight, printing, sup-
plies, repairs, publi-
cations and contingen-
cies                             30,000.00    30,000.00

Grand Total --
Teacher Retirement
System of Texas . . . $ 132,616.00   $ 132,616.00

"For the purpose of carrying out the provisions of the Act establishing the Teacher Retirement System, there is hereby appropriated to the Teacher Retirement System of Texas for each of the fiscal years ending August 31, 1952, and August 31, 1953, all moneys collected and received by said System under the provisions of Senate Bill No. 47, set out by the Regular Session of the Forty-fifth Legislature and any amounts hereto [sic] and also any balances on hand at the end of each preceding fiscal year, together with all sums received by virtue of House Bill No. 8, Forty-seventh Legislature."

The above general appropriation following the several specific items of appropriation is sufficient to appropriate all unexpended balances in the Expense Fund set up by Subsection 7 of Section 8 of Senate Bill 47, Acts 45th Leg., R.S. 1937, ch. 470, p. 1178, at p. 1193 (Art. 2922-1, V.C.S.), as "the fund from which the expenses of administration and maintenance of the Retirement System shall be paid."  This is a statutory fund derived from the $1.00 per year membership fee exacted from the several members of the Teacher Retirement System under the Teacher Retirement Act.  This fund, as one of the several funds established "under the provisions of Senate Bill No. 47 . . . by the Regular Session of the 45th Legislature," is appropriated by the general appropriation set out above "for the purpose of carrying out the provisions of the Act establishing the Teacher Retirement System."  (Emphasis added.)

We think this underscored portion of the appropriation to the Teacher Retirement System is clearly sufficient to authorize the Board of Trustees of the System to use the moneys thus appropriated to pay for the services of the actuary required by Section 6, Subsection (13), Article 2922-1, V.C.S.  Cf. Arizona

Teachers' Retirement System v. Frohmiller, 60 Ariz. 485, 140 P.2d 615 (1943). By this Article, the Board of Trustees is expressly enjoined to designate an actuary to act as "the technical adviser of the State Board of Trustees on matters regarding the operation of the funds created by the provisions of this Act," to make periodic actuarial investigations "into the mortality, service, and compensation experience of the members and beneficiaries of the Retirement System," and to do such other actuarial work as is necessary to the operation of the System.

You refer in your request to the fact that "upon the request of the Board of Trustees of the Teacher Retirement System," the Governor vetoed Item 20 of the appropriation to the Teacher Retirement System, which provided $600 for "actuarial services." The Governor's veto message shows that this item, which was deleted completely by the Governor, was vetoed for the reason that he had been informed by the Board of Trustees that the item was not needed since actuarial services could be paid for out of another fund. However, since, in our opinion, the payment of actuarial expenses is clearly authorized by the appropriation to the Teacher Retirement System as enacted into law, "there is neither necessity nor justification for resorting to legislative history to interpret its meaning." Ohio Power Co. v. N.L.R.B., 176 F.2d 385, 387 (C.C.A. 6th 1949, cert. den. 338 U.S. 899); Board of Insurance Commissioners v. Guardian Life Ins. Co., 142 Tex. 630, 180 S.W.2d 906 (1944); Weaver v. Robison, 114 Tex. 272, 268 S.W. 133, 141 (1924); Moore v. Lumbermen's Reciprocal Ass'n, 258 S.W. 1051, 1054 (Tex. Comm. App. 1924); Railroad Commission of Texas v. Texas & New Orleans Ry., 42 S.W. 2d 1091, 1093 (Tex. Civ. App. 1931, error ref.); Wall v. Wall, 172 S.W. 2d 181, 185 (Tex. Civ. App. 1943, error ref. w.o.m.); Larkin v. Pruett Lumber Co., 209 S.W. 443 (Tex. Civ. App. 1919); Ex parte Collett, 337 U.S. 55, 61 (1949); Fairport, Painesville & Eastern Ry. v. Meredith, 292 U.S. 589, 594 (1934); Wilbur v. United States, 284 U.S. 231, 237 (1931); Railroad Commission of Wisconsin v. Chicago, Burlington & Quincy Ry., 257 U.S. 563, 589 (1922); Interstate Natural Gas Co. v. Federal Power Commission, 156 F.2d 949, 952 (C.C.A. 5th 1946, aff. 331 U.S. 682); In re Boggs-Rice Co., 66 F.2d 855, 858 (C. C.A. 4th 1933); Central Real Estate Co. v. Commissioner of Internal Revenue, 47 F.2d 1036, 1037 (C.C.A. 5th 1931); General Atlas Carbon Co. v. Sheppard, 37 F. Supp. 51, 54 (W.D. Tex. 1940); In re Missouri Pac. Ry., 50 F. Supp. 936, 943 (E.D. Mo. 1943); Boston Consolidated Gas Co. v. Department of Public Utilities, 321 Mass. 259, 72 N.E.2d 543, 547 (1947); D. N. Kelley & Son v. Selectmen of Town of Fairhaven, 294 Mass. 570, 3 N.E.2d 241, 243-244 (1936); Iowa-Illinois Gas & Electric Co. v. City of Bettendorf, 41 N.W.2d 1, 6 (Ia. Sup. 1950); City of Vanceburg v. Plummer, 275 Ky. 713, 122 S.W.2d 772, 776 (1938); Maryland Casualty Co. v. Sutherland, 125 Fla. 282, 169 So. 679, 681 (1936); 39 Tex. Jur. 161-162, Statutes, Sec. 88.

It is our opinion, therefore, that the Board of Trustees of the Teacher Retirement System is authorized to pay for actuarial services out of the Expense Fund set up by Subsection 7, Section 8, Article 2922-1, V.C.S., and appropriated in full by House Bill 426, supra, to the Teacher Retirement System.

This conclusion is supported by Att'y Gen. Ops. O-1212 (1939) and O-1176 (1939). The former opinion dealt with the effect of an executive veto of several specific items in the appropriation for the Highway Department. Following the listed specific items in that appropriation, there was an appropriation of "all funds coming into the State Highway Fund . . . for the establishment of a system of state highways and the construction and maintenance thereof." It was held that by the veto of the specific items of appropriation, the amounts which would have been appropriated thereby merely became a part of the lump sum appropriation made by the general provision appearing at the end of the appropriation for the department and that the general appropriation of the entire fund was sufficient to enable the department to pay salaries therefrom.

In Attorney General's Opinion O-1176, which also was concerned with the effect of an executive veto of an item in an appropriation bill, it was said that "the effect of the veto where exercised was to place the Examining Division appropriation in the same status as though the vetoed items had never been included in the bill as finally passed by the Legislature." The opinion held that the general appropriation of moneys derived from a specific source ("all fees and assessments collected under authority of said Examining Law") could be used to pay for a specific item which had been contained in the appropriation for the Examining Division of the Board of Insurance Commissioners as passed by the Legislature but which had been vetoed by the Governor.

## SUMMARY

The Board of Trustees of the Teacher Retirement System is authorized to pay for actuarial services out of the Expense Fund set up by Subsection 7, Section 8, Article 2922-1, V.C.S., and appropriated in full by House Bill 426, Acts 52nd Leg., 1951, ch. 499, p. 1228, at p. 1424.

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

By Jesse P. Luton, Jr.
Assistant